MEREDITH MECHANIC ASSOCIATION *v.* AMERICAN TWIST DRILL COMPANY.

Assumpsit may be maintained against a lessee holding under a sealed lease, the covenants of which have been broken, to recover for any beneficial use in excess of the damage resulting from a breach of the covenants.

A former suit under a lease for rent, and a judgment rendered for the defendant upon the ground that the form of action was misconceived, is no bar to an action in assumpsit for use and occupation for the same period.

ASSUMPSIT, for the use and occupation of a mill from July 1, 1887, to July 1, 1888, and from July 1, 1889, to July 1, 1890. Writ dated September 2, 1891. Plea, the general issue, with a brief statement of defence, in substance as follows :

1. The use and occupation for which the plaintiffs seek to recover were under a written and sealed lease, and an action of assumpsit cannot be maintained therefor.

2. The plaintiffs heretofore brought an action of debt against the defendants to recover the rent for the first year mentioned in the plaintiffs' present declaration, due by the terms of a lease under which the defendants occupied. In that suit the defendants pleaded that they did not owe the sum demanded or any part thereof, and filed a brief statement that the plaintiffs had evicted them from a certain portion of the premises ; and upon a trial of the case the jury found as a fact that such eviction had occurred, and returned a verdict for the defendants. After the verdict, the plaintiffs moved for leave to amend their declaration by adding a count in assumpsit, which was refused, and judgment ordered on the verdict. The defendants say that that judgment is a bar to the maintenance of this action for the period from July 1, 1887, to July 1, 1888.

3. This eviction, continued during the term mentioned in the declaration, justified the defendants in abandoning the premises; and they did so abandon all that they were able, and received no beneficial use from any part.

4. The plaintiffs, by their breach of the covenant to repair contained in the lease, justified the defendants in abandoning the premises; and they did so abandon all that they were able, and received no beneficial use from any part.

The plaintiffs moved to reject the brief statement, and offered to show that the defendants had a beneficial use of the property described in the writ, during each of the years named therein.

*James L. Wilson* and *Bingham & Bingham*, for the plaintiffs.

*E. A. & C. B. Hibbard*, for the defendants.

WALLACE, J.   It was settled by a former decision in a case between these parties, that the plaintiffs can, under the *quantum meruit* counts in assumpsit, recover for any beneficial use the defendants had of the premises in question, on the principle laid down in *Britton* v. *Turner*, 6 N. H. 481, notwithstanding the defendants were holding under a written lease under seal.   *Meredith Mechanic Association* v. *Drill Company*, 66 N. H. 539.   The plaintiffs can recover under the *quantum meruit* counts in assumpsit for the use and occupation of the premises from July 1, 1887, to July 1, 1888, notwithstanding they have already brought one suit in debt for rent on a written lease under seal, covering the same period, and a judgment was rendered against them upon the ground that the form of action was misconceived. The issue in this case is not the same as in the former case, although both suits may have reference to the same subject-matter.   The issue in the former suit was, Did the plaintiffs evict the defendants? — the issue in this suit is, Did the defendants have any beneficial use of the premises? — and the judgment in the former suit, not being on the merits of this, is not a bar. *King* v. *Chase*, 15 N. H. 9; *Gage* v. *Holmes*, 12 Gray 428.

The denial of the motion of the plaintiffs to change the form of action after the verdict in the former suit, on the ground that at that late date justice did not require the amendment, has no bearing on the question whether the former judgment for the defendants, not on the merits but on the defect in the form of action, is a bar to this action.

The defendants' ground of defence, that by reason of the plaintiffs' breach of their covenant to repair they are excused from paying rent, is not well taken.   The breach of the covenant to repair is not a defence to the payment of rent.   It enables the defendants to set up a claim for damages for breach of the covenant, either by way of recoupment or by way of cross action, as they may elect.   Tay. L. & T., *s.* 331.

The plaintiffs have the right to go to trial on the question whether the defendants had any beneficial use of the premises during the time specified in the declaration, in excess of the damage resulting from the breach of the covenants of the lease.

*Case discharged.*

CHASE, J., did not sit: the others concurred.