### UNCANOONUCK ROAD CO. *v.* ORR.

A parol relinquishment of damages for land about to be taken by a road
corporation in the exercise of the power of eminent domain cannot be re-
voked after the road has been built in reliance upon the relinquishment.

If a land-owner orally agrees with a road corporation, which is about to
take his land for a road under the power of eminent domain, that he
will claim no land damages, and the corporation, relying upon the
agreement, enters upon the land and expends money in the construction
of the road, the land-owner is bound by his agreement, and a court of
equity will decree a conveyance of the right of way.

TRESPASS, *qu. cl.*, with a count in case. Facts found by the
court. The plaintiffs are a corporation, chartered June 26, 1877
(Laws 1877, *c.* 133). The charter empowers them to lay out,
make, and keep in repair a road leading from the base to the sum-
mit of the south Uncanoonuck mountain in Goffstown, by such
route and in such direction as are most practicable; also to build
and own toll-houses and other buildings necessary for their busi-
ness, to erect and maintain gates across their road, and to collect
rates and tolls from persons passing over it. It provides that the
damages for land taken, if the corporation and the land-owner
cannot agree upon the amount, shall be determined on the peti-
tion of either party to the supreme court.

In July, 1877, the plaintiffs voted to build the road and an
observatory on the summit of the mountain. The defendant
owned the summit and adjacent land. Before the plaintiffs began
to build, their president, acting pursuant to and under the char-
ter, went to the defendant with reference to taking such of his
land as might be necessary, and agreeing with him upon the
amount of his damages. The defendant understood that the plain-
tiffs purposed to take a portion of his land for the road and the
observatory by the right of eminent domain, unless they should be
able to agree with him on the amount of his damages; and with
this understanding the defendant orally waived his right to com-
pensation for such taking. The plaintiffs thereupon laid out and
built the road and the observatory, at an expense of about $1,000,
with the full knowledge of the defendant and without his objec-
tion; and the road and observatory have since been kept in repair
by the plaintiffs and used by the public, the net receipts from the
tolls being a source of income on the capital invested. The dam-
age to the defendant from the taking of his land was slight. He
owns a large wood and timber lot around the summit of the
mountain and adjacent to the road, and has used the road in clear-
ing his lot, under the plaintiffs' written permission. This privi-
lege is valuable to him, the road being the only practical way of
reaching and clearing the lot.

From 1877 to 1891 the defendant did not question the plaintiffs' right. In 1891 he demanded rent of them, which was refused. In August, 1892, his servants, by his order, and without the plaintiffs' consent, felled trees across the road so as to obstruct its free passage, and tore down parts of the observatory, which are the acts complained of in the writ, to their damage in the sum of $50. If the action cannot be maintained, but the plaintiffs have an equitable remedy, leave to file a bill in equity as an amendment was granted, without terms.

*David A. Taggart*, for the plaintiffs.

*Burnham, Brown & Warren* and *Samuel Upton*, for the defendant.

SMITH, J. The defendant, understanding that the road authorized by the plaintiffs' charter would pass through his land, and that they proposed to take by the power of eminent domain so much of it as would be required for the road unless he should agree with them upon the amount of his damages, verbally waived his right to compensation. The plaintiffs thereupon laid out and built their road.

The title to land acquired by an exercise of the right of eminent domain is not founded upon a contract, but upon a compliance with certain conditions imposed by the law, one of which is the payment to the land-owner of the damages occasioned to him by the exercise of this right. This condition being for the land-owner's benefit, compliance with it may be waived or relinquished by him. A parol relinquishment is sufficient, as it is not a relinquishment of an interest in land, but of a pecuniary claim. If a parol relinquishment is revocable, the revocation should take place before the other party acts, relying upon it. It is not material that damages are waived before the land is taken, when it is done with the understanding and knowledge that the grantees are about to exercise the power granted in their charter. *Fuller* v. *Commissioners*, 15 Pick. 81; *People* v. *Goodwin*, 5 N. Y. 568; *Marble* v. *Whitney*, 28 N. Y. 297, 307; Mills Em. D. (ed. 1879) ss. 110, 111; 2 Dill. Mun. Corp. (3d ed.) s. 593. If in this case the plaintiffs took the defendant's land under the power from the legislature, relying upon his consent and waiver, and expended money in the construction of their road, the defendant is estopped to deny the legality of their proceedings.

If the transaction between the parties was an agreement for the conveyance of an interest in land, the result is the same. The entry by the plaintiffs upon the land and the construction of their road were such part performance of the contract as to take it out of the statute of frauds. *Phillips* v. *Thompson*, 1 Johns. Ch. 131; *Seavey* v. *Drake*, 62 N. H. 393.

As we understand the case, the plaintiffs, in laying out and constructing their road over the defendant's land, did not proceed under the power of eminent domain, but under his agreement with them. They had leave at the trial term to file a bill in equity as an amendment, without terms. Upon filing a bill for a conveyance of a right of way, there will be a decree according to the facts, the deed to be as of the date when the damages were waived, and judgment will then be rendered upon the verdict.

                                                    *Case discharged.*

BLODGETT, J., did not sit: the others concurred.