## JAMES B. DIGGS v. JAMES LOBSITZ, *Treasurer of the City of Perry.*

1. CITY WARRANTS—*When Funded; Payable from Proceeds of the Sale of the Bonds.* Treasury warrants issued by a city of the first class, and duly registered and not paid for want of funds; and subsequently included in an issue of funding bonds regularly issued by said city, are payable only from the funds realized from the sale of said bonds, and are not payable from the funds in the treasury applicable to current expenses.

2. BONDS—*Sale of—Trust Fund.* When bonds are issued for the purpose of funding outstanding warrant indebtedness, the warrants embraced within such bonds, and for the payment of which said bonds are issued, become merged in said bonds, and the funds realized from the sale of such bonds is a special trust fund for the payment of the warrants so merged, and said fund can not be diverted to, or used for any other purpose. And until said bonds are sold, payment of such warrants is necessarily suspended.

3. MUNICIPAL CORPORATIONS—*Obligations of—Payment.* One who deals with a municipal corporation, deals with it with reference to the laws regulating the manner in which such corporation shall pay its obligations, and when such person takes a warrant on the city treasury, he is bound to know the law authorizing such city to bond said warrant, and that payment of his warrant may be postponed thereby.

4. WARRANTS—*Registration of—Laws Regulating.* The laws regulating the issue and registration of warrants, and for issue and sale of bonds for the purpose of realizing a fund out of which to pay such warrants are *pari materia* and must be construed with reference to each other.

5. SAME. The statute prohibits the payment of warrants not embraced in the funding bonds, from the funds realized from sale of bonds, and a violation of this statute is made a misdemeanor.

### *Original Proceeding in Mandamus.*

The opinion of the court was delivered by

BURFORD, J.: This is an original action in this court, brought by the plaintiff to procure a peremptory writ of *mandamus*, compelling the defendant, as treasurer of the

·city of Perry, to pay a certain city warrant, of which the plaintiff alleges he is the owner.    The alternative writ and the return constitute the pleadings.

It appears from the alternative writ that the city of Perry is a city of the first class, under the laws of the Territory of Oklahoma, and has been since October, 1893.    The defendant, Lobsitz, is the treasurer of the said city of Perry, and, as such officer, has in his posses-·sion, belonging to said city, a sufficient amount of money in the general fund to pay all the registered outstanding warrants of said city up to and including registered number six hundred and twenty-four, of which the plaintiff Diggs is the owner.    That the plaintiff, Diggs, pre-·sented said wrrrant numbered six hundred and twenty-four to the said Lobsitz for payment on the 2d day of December, 1895, and that said payment was refused by said treasurer.    That said warrant is for a valid indebt-·edness of said city, and was on the 28th day of March, 1894, presented to the treasurer for payment, and payment refused for want of funds, at which time said warrant was duly registered and became entitled to payment ·out of the general funds of said city in the order of its registration.

An alternative writ was allowed by Associate Justice Bierer, returnable before this court.    The city treasurer filed his return to the alternative writ on the 7th day of ·January, 1896, in which it is alleged in substance that on the 9th day of November, 1895, the city of Perry funded its outstanding warrant indebtedness and issued bonds therefor, which bonds were approved, signed and delivered by the district court to said treasurer.    That the warrant in question is one of the warrants embraced within said bonds, and for the payment of which said bonds were issued.    That said bonds are now in the

hands of the city treasurer for sale, but unsold at the date of said return.

Said treasurer further alleges that he has no authority to pay any warrants for the payment of which said bonds were issued from any funds in his hands at this time, but is required to pay the same from the proceeds of the sale of said bonds only.

Upon the facts shown by the writ and return, the plaintiff has moved for judgment on the pleadings. But one question is presented for our consideration. The case has not been briefed and in the oral argument no authorities were cited bearing upon the indentical question here presented. The question calls for an interpretation of our Statutes relating to warrant and bonded indebtedness of cities of the first class.

It is conceded that the warrant in question was for a valid claim and regularly issued and registered for the lack of funds to meet its payment at the time of its presentation. It is also conceded in the argument that in the month of November, 1895, the city of Perry, by its proper officers, went before the district court of that county and proceeded to and did, issue bonds for the purpose of funding the outstanding legal indebtedness of said city, and that the warrant in question is one of the warrants embraced within said bonds and for the payment of which said bonds were issued.

It is contended by the plaintiff, that inasmuch as the statute which provides for the issuance of warrants on the city treasury, requires that said warrants shall be paid in the order of their registration, whenever funds are in the hands of the treasurer sufficient to meet the same, that the issuance of funding bonds does not defeat this right, but that the warrants embraced within the funding bonds are still payable within the order of their

registration from any funds in the hands of the treasurer, and that when said bonds are sold, the funds realized from such sale should be applied to the payment of an equal amount of outstanding warrants in the order of their registration, without any reference to the question as to whether or not such warrants were in existence at the time of the issuance of such bonds.    This contention is untenable under the provisions of the Statute relating to the subject of municipal indebtedness.    These bonds were issued under an act of the legislative assembly, approved March 8, 1895, Session Laws 1895, ch. 7, p. 63. By the provisions of said act, any city of the first class is authorized and empowered to refund its outstanding legal warrant indebtedness in the order of registration, and to issue bonds for that purpose in a sum not exceeding the amount of such indebtedness, nor in excess of four per cent. of the assessed valuation according to the last preceding assessment of such municipality.    The act further provides the means of determining the amount of indebtedness; the manner in which the officers shall proceed and how the bonds shall be signed, issued, delivered to the treasurer and sold.    It is provided in section four among other things that, "the proceeds of such bonds shall be applied to the payment of the outstanding warrant indebtedness and the interest upon the same, and for no other purposes."

The act further provides for the levy of a sufficient amount of tax each year to pay the annual interest upon the bonds, and at the proper time a levy sufficient to pay the principle of said bonds as the same become due. Section 9 of said act is as follows:

"Any person who shall appropriate, use, aid or abet in the appropriation or using any of the funds mentioned in this act for any other purpose than as in this act pro-

vided, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined in a sum double the amount of money so appropriated or used, and imprisoned in the county jail for not less than three months, nor more than one year, and he and his bondsmen shall also be liable in a civil action for the amount so appropriated or used, to be prosecuted by any bondholder or other party entitled thereto."

By § 10, the interest coupons upon such bonds, so soon as they become due, are made receivable in payment the same as money for taxes due the city.

A person who deals with a municipal corporation deals with it with reference to the law governing such corporation, and is bound by such law. The law providing the means and manner of payment by a municipal corporation, is incorporated into and becomes a part of, any contract between such corporation and any other person.

When the plaintiff in this case accepted his warrant from the municipal authorities, he took it subject to the conditions and on the terms prescribed by law for its payment. The law at that time provided that when such warrant was issued it should be presented to the treasurer for payment, and if no funds were in the treasury for the payment of the same, the treasurer was required to indorse the same "Not paid for want of funds," and register the same in a book kept for that purpose, and the payment of said warrant was then postponed until such time as it could be paid from funds to come into the treasury, in the order of its registration. The law at that time authorized cities of the first class, Statutes 1893, art. 6, ch. 9, p. 137, to issue bonds for the purpose of funding the warrant indebtedness incurred in the necessary operation of such city. The mode of procedure, the manner of determining the amount of the indebtedness and the class of indebtedness for which bonds might

be issued were the same as under the present statute. The only difference being the time for which said bonds may run.    Under that law, the bonds were required to be sold at not less than par, and the proceeds held as a spcial fund in the hands of the treasurer for the payment of the indebtedness for which said bonds were issued. These provisions of law, together with those heretofore mentioned, entered into and became part of the plaintiff's contract with the city of Perry.    He accepted his warrant with notice of the fact that the city might fund the same together with other warrants by issuing bonds for the payment thereof, and if such power was exercised by the city, he must look solely to the fund arising from the sale of such bonds for the payment of his warrant.    It was evidently the purpose of the legis-lature to provide a means by which municipal corporations of this character might be as near as possible placed upon a cash basis.

The manner in which our cities were settled and organized made it necessary to incur considerable indebtedness prior to the time when any money, by operation of the revenue laws, would come into the treasury for the payment of current expenses.    It was contemplated that warrants would be issued for such indebtedness, and that the same should be presented for payment, and registered in their order of presentation, after which time they would draw interest.    It was further contemplated or intended that such corporations, so soon as it should be deemed expedient, should issue bonds for the purpose of funding said outstanding warrant indebtedness, and that the proceeds arising from the sale of such bonds, should become a special fund for the payment of the warrants embraced within such bonds, or for which said bonds were issued.    The revenues thereafter

coming into the treasury from ordinary sources could be .applied to the payment of current expenses, and by 'the issue of the bonds, the payment of the prior indebtedness would be postponed to a time when the inhabitants of such municipality would be better able to meet the obligations incurred at a time when they had no means of payment.   That it was intended that the proceeds of such bonds should only be applied to the payment of the warrants for which such bonds were issued, is clear from the provision contained in § 4, ch. 7, Acts 1895, to-wit, "The proceeds of such bonds shall be applied to the payment of the outstanding warrant indebtedness and the interest upon the same, and for no other purposes."   This provision refers to the outstanding warrant indebtedness embraced or included within the bonds, and does not refer to outstanding warrant indebtedness generally.   This is further evidenced by the provisions of § 9, heretofore set out, which makes it a misdemeanor to misappropriate or divert any of the funds arising from the sale of said bonds to any other· purpose than that contemplated in the act.   If, as contended by plaintiff, the treasurer of the city of Perry should continue to pay the warrants embraced in said bonds from current funds in the order of their registration, until such time as the proceeds of said bonds are .available for such purpose, then, it would be necessary to redeem from the proceeds of said bond, warrants issued since the issuing of said bonds, and thus apply the same to the payment of indebtedness which was not in existence at the time said bonds were issued.   This would defeat the purpose of the statute and the intention of the legislature ,and violate its express provisions.

It was contended in argument that inasmuch as the .bonds had not been sold, that plaintiff had a right to the

payment of his warrant out of the general fund. This
upon its face, would seem equitable and just, but we are
not dealing with equity in this case, but with the inter-
pretation of statutes, and if the law under which he con-
tracted and which he was bound to know, works a
hardship upon him, he is in no position to complain.
There is no compulsion upon anyone to contract with or
serve a municipal corporation, but when one does con-
tract with or render services to such corporation, he must
take his pay in the manner provided by law.

It was further contended in the argument that the re-
peal or the act of 1890, providing for funding outstand-
ing warrant indebtedness, and the substitution therefor
of the act of 1895, is in conflict with the constitutional
provision that prohibits the legislature from enacting
any law impairing the obligation of a contract. There
is no force in this contention. A careful comparison of
the two statutes will reveal the fact that there is no ma-
terial difference in the mode of payment prescribed by
the two acts. In each the city of Perry was authorized
to fund its outstanding warrant indebtedness by issuing
interest bearing bonds, from the proceeds of the sale of
which, such warrant indebtedness was payable. Each
constitutes the funds arising from the sale of the bonds
a special trust fund for the payment of such warrants.
Each provides for the levy of a special tax to be applied
to the payment of the bonds and interest. Each con-
templated a sale of the bonds for cash and the payment
of the warrants in cash. The argument made that a
holder of warrants might be permitted to exchange with
the treasurer, for bonds of an equal amount, and under
the old law, get a bond running ten years, while under
the later law he would be required to take a bond run-
ning twenty or thirty years, is not tenable for the reason

that such action is not contemplated by either statute. While there would be no irregularity in the city treasurer accepting one hundred dollars in warrants, and delivering to the holder thereof a one hundred dollar bond, or any other equal amounts, such transaction would, under the law, be classed as a cash sale of the bond and a cash redemption of the warrants, and there is no obligation upon a warrant holder to exchange his warrants for bonds, and none on the treasurer to exchange a bond for warrants, but the treasurer is bound to sell the bonds whenever he can realize cash, and is then bound to apply the cash realized from the sale of the bonds, to the payment of the identical warrants for which said bonds were issued, and if he should apply the proceeds from the sale of the bonds to the payment of any other indebtedness, than the warrants for which the bonds were issued, he would be guilty of a misdemeanor as provided in § 9, of the act of 1895. As we have heretofore said, no authorities have been cited bearing upon the construction of these statutes, and we are left to gather the legislative intent from the several acts in relation to this matter, and from the general history of the matters to which such legislation relates. If, as complained by plaintiff, circumstances render it impossible for the city of Perry to sell her bonds, and he is thus postponed for an indefinite period for the payment of his warrant, this is a subject for future legislative action. It is the duty of courts to interpret and apply the law as they find it, and not encroach upon the province of the legislative branch of government, unless some organic law or constitutional provision has been violated by the legislative action. If legislative enactments work hardships upon individuals they must look to such department for relief. It is, indeed, unfortunate if our local conditions and our

financial standing abroad is such that municipal bonds can find no market, but in the mean time the law has fixed a rate of interest which a creditor of such municipality shall receive until such time as his obligation can be liquidated in the manner prescribed by law under which he became a creditor of such municipality. When bonds are issued for the purpose of funding municipal indebtedness of a county or city, such bonds are issued for the purpose of realizing funds for the payment of certain specific warrant indebtedness, and such fund can be applied to no other purpose.    Such warrants become merged within such bonds and are not thereafter payable from any other fund or any other source, unless such bonds should in some proper manner be cancelled. Nor can the fund arising from the sale of such bonds be applied to the payment of any other indebtedness than the warrants included within the bonds.

It appearing from the facts in this case that the plaintiff's warrant has been merged into the funding bonds issued by the city of Perry, he is not entitled to have said warrant paid out of the general fund in the hands of the treasurer.    The general fund in the hands of the city treasurer is intended for the purpose of meeting current expenses, and is applicable to the payment of registered warrants, in the order of their registration which are not embraced within the bonds.

The peremptory writ is denied at costs of the plaintiff.

All the Justices concurring.