## C. DeRoberts v. Town of Cross.

(Filed September 6, 1905.)

MUNICIPAL CORPORATIONS—Bonds and Warrants—Proceedings in the District Court. When bonds are issued by an incorporated town for the purpose of funding outstanding warrant indebtedness the warrants embraced within such bonds and for the payment of which said bonds are issued, become merged in said bonds and the payment of said warrants is necessarily postponed and suspended until the funds are realized from the sale of the bonds with which to take them up. And the proceedings in the district court by which the validity of the warrants are determined and the amount and terms of the bonds approved and authorized, is in the nature of a decree or judgment of the court. If the sale of the bonds should be unreasonably delayed and the payment of the merged warrants unreasonably postponed, any interested party may maintain an action to set aside and vacate the proceedings by which the court authorized the bonding and to cancel the bonds; and until such such proceedings have been vacated and the issue of bonds canceled, no action can be maintained upon the merged warrants.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

. *J. F. King,* for plaintiff in error.

. *W. K. Moore,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This is an action to recover judgment against the town of Cross, in Kay county, Oklahoma, upon certain warrants issued by the town authorities in the year 1894. It is the contention of the town authorities that in November, 1894. the town executed and issued funding bonds in the sum of $1500 for the payment of these and other outstanding warrants of the town of Cross; That said bonds were regularly issued and authorized by the district court of Kay county and delivered to the town treasurer for sale. It is conceded that these bonds are yet in the hands of the town authorities, have never been sold or disposed of, and that no money has ever been paid upon these warrants.

The sole question presented for our consideration is whether the plaintiff can maintain his action on the original warrants, they having been merged in the bonds issued for their payment. The trial court instructed the jury to the effect that if they found that the town had issued funding bonds for the purpose of redeeming these particular warrants, that their verdict should be for the town, although the bonds had never been sold, and under this instruction the jury found for the defendant and the court gave judgment accordingly. ·

The question was before us in the case of *Lobsitz v. Diggs* 4 Okla. 232. The question was decided in that case as an original proposition based upon the interpretation of our statutes relating to the manner of payment of indebtedness of

municipalities of this character. And in the case at bar we have been cited no authorities upon the subject, either supporting or in conflict with the doctrine of that case. In *Lobsitz v. Diggs, supra,* it was said:

"When bonds are issued for the purpose of funding outstanding warrant indebtedness, the warrants embraced within such bonds and for the payment of which said bonds are issued, become merged in said bonds, and the funds realized from the sale of such bonds is a special trust fund for the payment of the warrants so merged, and said fund cannot be diverted to, or used for, any other purpose. And until said bonds are sold, payment of such warrants is necessarily suspended."

We are satisfied with this statement of the law. The application of this principle is complained of in this case. Of course it was never contemplated by court or legislature that a condition would arise where bonds can never be sold as seems to be the condition here, and hence we have a condition confronting us which calls for a remedy not provided for in the statutes. It is only contemplated that the payment of funded warrants will be postponed for a reasonable period to enable the authorities to sell the bonds and realize the funds with which to take up and cancel the warrants. But what is the effect after a reasonable time has elapsed and the bonds have not been sold? What remedy has the warrant holder? By the bonding process payment of funded warrants is postponed or suspended and current funds coming into the treasury, which would, had it not been for the funding process, have been applicable to their payment, are applied to the payment of warrants of a later issue, and the statute makes no other provision for the raising of revenues with which to pay the funded warrants. A municipality is not permitted to re-

pudiate her lawful obligations, nor is it the intention of the law that a condition shall be created by operation of law whereby a creditor of a municipality shall be left without a remedy. But when a remedy exists, he to whom it belongs must enforce it. If he sleeps upon his rights and fails to avail himself of such remedies as the law has provided for his relief, his loss must be charged to his own neglect.

By the procedure under which the bonds in question were authorized and issued, the merging of the funded warrants into the bonds, is in the nature of a judgment or decree of the district court, and such proceedings and decree can only be set aside and vacated in some manner recognized by the law, and by some person having an interest in the result. When the board of trustees of the town of Cross found that there was no market for this issue of bonds, and that after the lapse of a reasonable time no sale of the bonds could be made, then common honesty and fairness would have suggested that they take steps to have the proceedings vacated and the bonds canceled by the decree of the court which approved them. But it seems that this was not done, probably for the reason that the creditors did not push their claims or urge action in their favor. But the failure of the trustees to act did not relieve or excuse the creditors. The plaintiff, as the owner of over half of the warrants embraced in the bond issue, if he felt that he was being unreasonably postponed, could have brought his action against the town trustees and had the bonds canceled for the reason that there was no sale for the bonds, and the payment of his warrants were unjustly suspended.

We think under the issues as made, the court committed no error in the instruction complained of, and as this is the

only question presented in the brief, all other alleged errors are waived. The judgment of the district court of Kay county is affirmed, at the costs of plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.