## DE ROBERTS v. TOWN OF CROSS.

### No. 4.   Opinion Filed May 12, 1909.

#### (101 Pac. 1114.)

1. **EQUITY—Jurisdiction—Retention of Jurisdiction Acquired—Remitting for Action at Law.** The jurisdiction of equity having once attached on the petition filed by the holder of warrants, which had been merged into a funding proceeding, to have set aside and vacated such proceeding, and to cancel such bonds on the ground that the town had failed, neglected, and refused to sell and dispose of any of said bonds, and still had and retained all of them, failing and refusing to refund the same as required by law, the court, having all the parties before it, will adjudicate upon all the rights of the parties connected with the subject-matter of the action, without remitting them to maintain a separate action at law upon the warrants merged into such funding proceeding.

2. **LIMITATION OF ACTIONS—New Action After Dismissal.** The plaintiff having alleged that he commenced his original action on the warrants within due time, and had failed in such action otherwise than upon the merits, and from the allegations of the petition and the record it appearing that the new action was commenced within one year after the failure of the former action, the defendant's demurrer raising the question of laches or the statute of limitations was improperly sustained.

(Syllabus by the Court.)

*Error from District Court, Kay County; Bayard T. Hainer, Judge.*

Action by C. De Roberts against the Town of Cross. Judgment for defendant, and plaintiff brings error. Reversed.

On the 10th day of February, A. D. 1906, the plaintiff in error as plaintiff began his action in the district court of Kay county, Okla. T., against the defendant in error, as defendant, alleging in his petition that the defendant was a public corporation created and existing under the laws of the territory of Oklahoma as a town, and has been and is an auxiliary body corporate, duly organized as a body politic, with authority to contract, to sue, and to be sued under the laws of said territory; that plaintiff is the legal holder and owner of certain warrants declared on therein, all and each of which were issued by the defendant pursuant to an allowance regularly made by the board of trustees of said town, and duly signed by the president of said board and the clerk of said town under the seal of said town; that defendant has not now, and has not had in its treasury since the issuance of said warrant, sufficient money available with which to pay same; that during the month of November, A. D. 1894, the town council of said town of Cross duly ascertained the correct amount of claims allowed against said town and incurred in the necessary operation of the town government, and found same to amount to the sum of $1,500, among which were the plaintiff's warrants; that thereafter on the 17th day of November, A. D. 1894, a quorum of the town council of said town and its city clerk went before the district court of said county, and in open court made proof to the satisfaction of the district judge of the existence and character of said indebtedness, and that the amount thereof for which bonds might be issued was the sum of $1,500, of which said warrants were a part, first having given the notice required by law; that thereupon on said date the judge of said court found that the said debts were of the class and character for which bonds were authorized to be issued, and caused to be made upon the records of said court a statement to that effect, and that the

amount of the indebtedness of said town as found by him was the sum of $1,500, of which said warrants were a part; that the form of said bonds having been previously determined, as provided by law, in the sum of $100 each, payable in 20 years, with interest at the rate of 6 per cent. per annum, payable semi-annually and each and all of said 15 bonds having been signed by the mayor of said town and its city clerk in the presence of its council, the said judge thereupon in open court on said date proceeded to sign each and every one of said bonds, aggregating the sum of $1,500, and delivered the same to the treasurer of said town; that said town has failed, neglected, and refused to sell or dispose of said bonds, or any of them, and still has and retains all of said bonds, and has failed and refused to refund said bonds as required by law; that on the 1st day of February, A. D. 1901, said plaintiff brought suit on all of said warrants against the defendant, and as a defense thereto the defendant in its answer filed therein set up said funding proceedings, and upon a trial had of said suit on the 2d day of October, A. D. 1903, the court found that the said funding proceedings constituted a judgment, and that the plaintiff was relegated to the proceeds of the sale of said bonds for the payment of said warrants, and should have said funding proceedings set aside before obtaining judgment on his said warrants, and the court rendered judgment accordingly against the plaintiff; that plaintiff appealed from said judgment to the Supreme Court of the territory of Oklahoma, and on the 6th day of September, A: D. 1905, said judgment was by the Supreme Court affirmed, plaintiff failing in said cause otherwise than upon the merits. The plaintiff declared in said petition on 22 different warrants, joining 22 causes of action therein, and prayed that the findings and judgment of the court and the judge thereof made and rendered on the 17th day of November, A. D. 1894, be set aside, reversed, and held for naught, and that the entire proceedings funding said warrants and executing said bonds be set aside and held for naught; that he have judgment against the defendant for the principal due on said warrants in the sum of

$894.64, and the interest thereon due to January 1, A. D. 1901, amounting to $329.13, and interest at the rate of 6 per cent. per annum on said $894.64 from January 1, A. D. 1901, until paid, and for all other proper relief.

On the 29th day of March, A. D. 1906, the defendant demurred to plaintiff's petition on the grounds (1) that several causes were improperly joined; and (2) that the petition did not state facts sufficient to constitute a cause of action. On the 24th day of November, A. D. 1906, the court rendered judgment on said demurrer, sustaining the same, to which the plaintiff duly excepted, and at the same time announced in open court that he elected to stand on his petition. Thereupon the court rendered judgment in favor of the defendant and against the plaintiff, to which plaintiff then and there in open court duly excepted. An appeal was duly prosecuted by the plaintiff to the Supreme Court of the territory of Oklahoma, and, by virtue of the Enabling Act and the Schedule to the Constitution, it is now properly before this court for determination.

*J. F. King,* for plaintiff in error.

*L. A. Maris,* for defendant in error.—On improper joinder of causes: *Diggs v. Lobsitz,* (Okla.) 43 Pac. 1069; *De Roberts v. Town of Cross* (Okla.) 82 Pac. 735.

WILLIAMS, J. (after stating the facts as above). The questions for determination on this record are as follows:

(1) Were several causes improperly joined?

(2) Does the petition state facts sufficient to constitute a cause of action?

1. In the case of *De Roberts v. Town of Cross,* 15 Okla. 553, 82 Pac. 735, Decided by the. Supreme Court of the territory of Oklahoma September 6, 1905, the syllabus is as follows:

"When bonds are issued by an incorporated town for the purpose of funding outstanding warrant indebtedness, the warrants embraced within such bonds and for the payment of which such bonds are issued become merged in said bonds, and the payment of said warrants is necessarily postponed and suspended until the

funds are realized from the sale of the bonds with which to take them up. And the proceedings in the district court by which the validity of the warrants is determined and the amount and terms of the bonds approved and authorized is in the nature of a decree or judgment of the court. If the sale of the bonds should be unreasonably delayed and the payment of the merged warrants unreasonably postponed, any interested party may maintain an action to set aside and vacate the proceedings by which the court authorized the bonding and to concel the bonds; and, until such proceedings have been vacated and the issue of bonds conceled, no action can be maintained upon the merged warrants."

The rule therein announced followed that in the case of *Diggs v. Lobsitz*, 4 Okla. 232, 43 Pac. 1069. Following the decisions in said cases, the plaintiff brought an action in the court below to set aside and vacate the proceedings by which the court authorized such bonding, and to cancel the same on the ground that the defendant had failed, neglected, and refused to sell or dispose of any of said bonds, and still had and retained all of them, and failed and refused to refund said bonds as required by law. Said allegations apparently bringing the plaintiff strictly within the rule heretofore cited. But it is insisted by the defendant that the plaintiff cannot in the same action have the bonding proceedings set aside and canceled, and also have judgment upon the original warrants. In all the relief sought the parties are the same. It is a settled rule that, when jurisdiction once attaches, a court of equity will settle the litigation and do complete justice when the parties are the same without remitting the parties to a court of law, although as to some features of the case the remedy at law may be clear and adequate; and this is the rule even in states where courts of law and chancery are separately maintained. *Stow v. Bozeman*, 29 Ala. 397; *Scruggs v. Driver*, 31 Ala. 274; *Stewart v. Stewart*, 31 Ala. 207. In the case of *Alexander v. Rea*, 50 Ala. 450, it was held that a mortgagee may come into equity to have his mortgage reformed by the correction of a mistake in the description of the lands conveyed, and to have it foreclosed after the law day has passed; and, when jurisdiction of the court has attached for that purpose, it will go on and settle

all questions in litigation between the parties growing out of those matters. In the same case it is further held that a bill by a mortgagee asking the correction of a mistake in the description of the lands conveyed and a foreclosure of his mortgage is not multifarious because it also seeks to have another mortgage executed on the same day with the first and conveying the same lands, together with other property, declared a general assignment, and held to inure to the benefit of all the creditors equally, who are not shown to be any other persons than the two mortgagees. In the case of *Seibert et al. v. Thompson et al.,* 8 Kan. 66 (2d Ed. 53), it was held that, where a court of equity has all the parties before it, it will adjudicate upon all the rights of the parties connected with the subject-matter of the action, so as to avoid a multiplicity of suits. See, also, 16 Cyc. 106, and authorities cited in footnote 68.

The lower court, having acquired jurisdiction for the purpose of canceling and setting aside the funding proceedings and canceling said bonds into which such warrants had been merged, had jurisdiction to settle the litigation involving the entire subject-matter and transaction, and do complete justice without remitting the same parties to a separate suit in the same court, although as to some features of the case the remedy might be a clear law case. If this is the settled rule in states where there are maintained separate law and chancery jurisdictions, the greater reason exists why the rule should prevail in a state where such separate courts are not maintained, but the same court administers both law and equity. From the allegations of the petition the different counts were based upon separate warrants, all of which, however, were involved in the bonding issue which was sought to be set aside. There does not appear to have been any cause of action improperly joined in this case.

2. It appears that defendant's demurrer, to the effect that the petition did not state facts sufficient to constitute a cause of action, was based on the ground that the same was barred by the statute of limitations, and that, on account of the laches of plain-

till, he could not maintain said action.    Plaintiff's allegation brings him clearly within section 4221, Wilson's Rev. & Ann. St. 1903, which provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

The defendant's demurrer confesses this allegation in plaintiff's petition as being true, and such allegation was sufficient to remove the bar of the statute of limitations.

Both grounds of demurrer presented by the defendant should have been overruled.   The judgment of the lower court is reversed.

All the Justices concur.