Merrimack,  }
March 7, 1911. }

### SANBORN *v.* BOSTON & MAINE RAILROAD.

A justice presiding at a trial term has discretionary power to suspend a rule of court in a given case for cause shown.

Where a plaintiff has misconceived his remedy and declared in assumpsit, he may be allowed to amend by substituting a count in case, when it appears that such a course will promote justice and that the rights of third parties will not be prejudiced thereby.

MOTION, to amend a declaration.   Transferred from the October term, 1910, of the superior court by *Plummer*, J.

Prior to the April term, 1910, of the superior court, the plaintiff brought an action of assumpsit against the defendants to recover

damages for breach of a contract of employment made by their agent in settlement of a claim for personal injuries sustained by the plaintiff while in their employment. Shortly before the October term, 1910, the plaintiff filed a motion asking leave to amend his declaration by striking out the count in assumpsit and substituting a count in case for personal injuries. At the hearing on the motion at the October term, it appeared that before filing the motion both parties had taken depositions in the case, and that after it was filed the defendants took the plaintiff's deposition and inquired into the facts and circumstances concerning the injury declared on in the count in case. The reason for asking leave to file the amendment was that in taking the deposition of the defendants' claim agent the plaintiff learned that the agent denied having authority to make the contract of settlement relied upon in the count in assumpsit. It did not appear that the defendants would stand differently if the amendment were allowed, than they would if the plaintiff brought a new action in case; while if the motion was denied, and the plaintiff was required to bring a new action, he would be put to additional expense in the way of sheriff, entry, and counsel fees, would also have to bear the expenses already incurred, including depositions taken by himself and attendance upon those taken by the defendants, and would be chargeable with the costs of the present action, including two voluminous depositions taken by the defendants.

The motion was granted, it being found that its allowance was necessary to prevent gross injustice. Rule 16 of the superior court was suspended by the trial justice in the exercise of his discretion. The defendants excepted to both orders, and their exceptions were allowed so far as they presented questions of law.

*Niles & Upton,* for the plaintiff.

*Foster & Lake* and *Dewitt C. Howe,* for the defendants.

BINGHAM, J. The trial justice acted within his authority in suspending Rule 16 of the superior court. *Petition of Rindge,* 54 N. H. 106, 108; *Eastman* v. *Company,* 44 N. H. 143, 154.

Under the liberal practice in vogue in this state since the decision in *Stebbins* v. *Insurance Co.,* 59 N. H. 143, if not from an earlier date, it has been customary for the court, if justice would be promoted, to allow amendments in legal proceedings, either of form or substance, provided that in so doing the rights of third parties would

not be interfered with and the case could be rightly understood by the court.    P. S., *c.* 222, *ss.* 7, 8.    The underlying principle seems to be that a litigant should be accorded such remedies and methods of stating his grievance as may be necessary "to meet the meritorious contingencies of his case."    *Brooks* v. *Howison*, 63 N. H. 382, 389. He has been permitted by amendment to change an action of trespass to land into a bill in equity for specific performance of an agreement to convey the land (*Uncanoonuck Road Co.* v. *Orr*, 67 N. H. 541); an action of debt for rent, into assumpsit for use and occupation (*Meredith etc. Ass'n* v. *Drill Co.*, 66 N. H. 539); trespass to land, to assumpsit for use and occupation (*Elsher* v. *Hughes*, 60 N. H. 469); and assumpsit, to case for flowing land.    *Morse* v. *Whitcher*, 64 N. H. 591.    These decisions are sufficient to illustrate the principle and to demonstrate that the trial justice was acting in accordance with the established practice in permitting the plaintiff to amend his declaration by substituting a count in case.

The plaintiff could have inserted in the original draft of his writ counts in assumpsit and case.    *Broadhurst* v. *Morgan*, 66 N. H. 480. What could have been done originally may be accomplished by amendment, if justice will be promoted thereby.    It would seem that prudence would have dictated the insertion of both counts in the original draft to meet the meritorious contingencies of the plaintiff's case.    What he is seeking to recover is compensation for the injury he received while in the defendants' employment. If the defendants' agent had authority to make the contract of settlement, the plaintiff would obtain his compensation in the count in assumpsit.    If the agent was without authority to make the contract, then he would obtain it in the count in case.    The subject-matter involved in the two counts is the same, although the issues raised are different.    *Meredith etc. Ass'n* v. *Drill Co.*, 67 N. H. 450.    By declaring in assumpsit the plaintiff misconceived his remedy, as facts essential to the maintenance of his supposed right did not exist.    *Noyes* v. *Edgerly*, 71 N. H. 500, 504, 505.    But by misconceiving his remedy he did not preclude himself from asserting his actual rights in a new action, or by amendment.    *Gould* v. *Blodgett*, 61 N. H. 115.

In *Gould* v. *Blodgett*, the action was assumpsit for the price of a horse-rake which the plaintiff understood his agent had sold to the defendant.    At the trial before the referee, it turned out that the agent did not sell the rake as he was authorized, but delivered it to the defendant in payment of his own pre-existing debt.    Upon

filing the report, the trial court allowed the plaintiff to amend his declaration by filing a count in trover, and it was held that the amendment was properly allowed. This case cannot be distinguished from the present one. As the amended count relates to the same subject-matter as the original count and the case can be rightly understood by the court, and as it does not appear that the rights of third parties will be interfered with by the allowance of the amendment, while the plaintiff would be put to unnecessary expense if required to bring a new action, the trial court was warranted in finding that justice required that the plaintiff's motion should be granted.

*Exceptions overruled.*

All concurred.