### TOWN OF CROSS v. DE ROBERTS.

No. 5261. Opinion Filed September 28, 1915.

Rehearing Denied October 19, 1915.

(155 Pac. 496.)

**JUDGMENT—Res Judicata—Judgment Not on Merits.** Where one brings an action upon municipal warrants, and judgment is entered against him on the single ground that he has misconceived his remedy or form of action, such judgment is no bar to a subsequent action brought in the proper form; he having lost other than upon the merits.

(Syllabus by Dudley, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by Carrie M. De Roberts against the Town of Cross. Judgment for plaintiff, and defendant brings error. Affirmed.

*L. A. Maris,* for plaintiff in error.

*J. F. King,* for defendant in error.

Opinion by DUDLEY, C. This is an action by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to set aside funding bond proceedings and recover the amount due on certain warrants merged therein. We shall refer to the parties as they were in the lower court. There was judgment for the plaintiff, and the defendant brings the case here for review. Since this appeal was taken, plaintiff died, and this case was revived in the name of his administratrix.

On November 17, 1894, the defendant, a municipal corporation duly organized and existing under the laws of the Territory of Oklahoma, had an outstanding warrant indebtedness aggregating $1,500, which it was unable to pay. On said day it issued bonds for the said amount, for the purpose of funding said outstanding warrant indebtedness under the law then in force. These bonds, after their issuance, were turned over to the treasurer of the defendant for sale, for the purpose of paying the outstanding warrants merged therein. Under the law under which these bonds were issued, they could not be sold for less than 95 cents on the dollar. The city was unable to sell the bonds, for the reason that there was no market for them. The plaintiff owned approximately 50 per cent. of the outstanding warrants that were merged in the funding proceedings. No levy was ever made to

pay the interest on said bonds or to create a sinking fund to pay the same upon their maturity; in fact, the bonds never became an obligation of the defendant. On February 1, 1901, the bonds being still in the possession of the defendant and unsold for want of a market, the plaintiff commenced an action in the district court of Kay county to recover the amount due on the warrants which he held that were merged in the funding proceedings, wholly disregarding such proceedings and treating the bonds as a nullity. The defendant interposed various defenses, one of which was that plaintiff could not recover upon the warrants sued on, because they had been merged in the funding proceedings. Issues were joined, and the case tried, resulting in a judgment in favor of the defendant; the court holding that the warrants sued on had been merged in the funding proceedings, and that on account thereof the plaintiff could not maintain an action thereon until the funding proceedings were set aside in a proper proceeding. From this judgment, the plaintiff appealed to the territorial Supreme Court, and on September 6, 1905, the judgment of the trial court was affirmed (*De Roberts v. Town of Cross,* 15 Okla. 553, 82 Pac. 735) ; the court holding that the warrants sued upon had been merged in the funding proceedings, and that an action could not be maintained thereon until proceedings were vacated and set aside and the bonds issued thereunder canceled in a proper proceeding.

Following this, and on February 10, 1906, the plaintiff commenced this action in the district court of Kay county to set aside said funding proceedings and cancel the bonds issued thereunder and to recover the amount due upon the warrants merged therein. In his petition he referred to the former action, and alleged that he

lost otherwise than upon the merits. A demurrer was sustained to the petition and judgment rendered in favor of the defendant, from which the plaintiff appealed to this court, and on May 12, 1909, the judgment of the trial court was reversed (*De Roberts v. Town of Cross,* 23 Okla. 888, 101 Pac. 1114) ; this court holding that the petition stated a cause of action, that the plaintiff had a right to join with the action to set aside the funding proceedings and to cancel the bonds issued thereunder an action to recover upon the warrants merged therein, and that said action was not barred because the petition alleged that he failed in the former action otherwise than upon the merits. Mandate was issued, sent to, and spread upon the records of the district court of Kay county. Following this the defendant answered, interposing various defenses, one of which was that the right of plaintiff to set aside the funding proceedings and cancel the bonds issued thereunder was barred by the statute of limitations, and it denied that the former action was disposed of otherwise than upon the merits. The case was tried, resulting as before stated.

The defendant insists that the plaintiff's cause of action, if he ever had one, to set aside the funding proceedings and cancel the bonds issued thereunder, is barred by the statute of limitations. It concedes, however, that if the former action was disposed of otherwise than upon the merits, the action is not barred, for in defendant's brief it says:

"And upon the question, 'Did the former action fail upon its merits?' the decision of this case must rest."

We shall therefore consider this case from that standpoint.

The funding bonds were issued and turned over to the town treasurer for sale in 1894. They were not sold, because there was no market for them. The warrants of the plaintiff were merged in the funding bond proceedings, and could not be paid except from the proceeds of the sale of the bonds. The action of the defendant in funding these outstanding warrants was voluntary, and the effect of it was to put to sleep plaintiff's cause of action or right to sue upon the warrants until the funding proceedings were set aside and the bonds issued thereunder canceled. *De Roberts v. Town of Cross,* 15 Okla. 553, 82 Pac. 735, *supra.* He waited patiently for the defendant to make disposition of these bonds and pay his warrants until February, 1901, a little more than six years, and, the city having utterly failed to dispose of the bonds, he instituted an action to recover upon his warrants, and failed because the warrants were merged in the bonds and an action could not be maintained thereon until the funding proceedings were set aside and the bonds canceled. We have searched in vain for authorities as to the right of a warrant holder under such circumstances as these. Mandamus would not lie, because no court could compel a municipality to dispose of its warrants where there was no market for them. This remedy was not available. Mr. Chief Justice Burford, in rendering the opinion in the case of *De Roberts v. Town of Cross, supra,* discussing the situation of the respective parties, says:

"Of course, it was never contemplated by court or Legislature that a condition would arise where bonds can never be sold, as seems to be the condition here; and hence we have a condition confronting us which calls for a remedy not provided for in the statutes. It is only con-

templated that the payment of funded warrants will be postponed for a reasonable period to enable the authorities to sell the bonds and realize the funds with which to take up and cancel the warrants.   But what is the effect after a reasonable time has elapsed and the bonds have not been sold?  What remedy has the warrant holder? * * * A municipality is not permitted to repudiate her lawful obligations, nor is it the intention of the law that a condition shall be created by operation of law whereby a creditor of a municipality shall be left without a remedy."

And he then proceeds to suggest a remedy for a creditor, which is to bring an action to set aside the funding proceedings and cancel the bonds issued thereunder. This is the remedy which the plaintiff pursued, but he is met with the plea of the statute of limitations; and if he is barred from this remedy he must lose, and the defendant profits by its own inactivity and failure to perform its duty.   Was the former action disposed of upon its merits?   We do not think so.   In so holding we do not undertake to announce a general rule, but base our conclusion upon the peculiar facts and circumstances of this case.   In the former action the plaintiff misconceived his remedy and lost.   In Black on Judgments, vol. 2  (2d Ed.) sec. 715, it is said:

"A judgment given against the plaintiff on the single ground that he has mistaken his remedy or form of action is no bar to his subsequent suit brought in the proper form"—citing *Meredith Mechanic Ass'n v. American Twist-Drill Co.,* 67 N. H. 450, 39 Atl. 330; *Steinson v. Board of Education,* 49 App. Div. 143, 63 N. Y. Supp. 128; *Wyman v. Dorr,* 3 Greenl. (3 Me.) 185; *Walker v. Davis,* 1 Gray (Mass.) 506; *City of Oakland v. Oakland Water-Front Co.,* 118 Cal. 160, 50 Pac. 277; and other cases.

See, also, 1 Freeman on Judgments (4th Ed.) section 263, and cases cited.

When the plaintiff brought the first action to recover upon his warrants, it is not contended that the statute of limitations had run as against his right to have the funding proceedings set aside. That was the action that he should have brought, but in bringing the action he did bring he misconceived his remedy. The only question determined and litigated in the first action was whether or not he could maintain an action upon the warrants. The court held that he could not, because they were merged in the bonds, but suggested that his proper remedy was to set aside the funding proceedings. We think that the facts in this case present a case where one has misconceived his remedy and lost otherwise than upon the merits, and that therefore the former judgment is not a bar to this present action.

The plaintiff brought this action within one year after the reversal of the case by this court on May 12, 1909 (*De Roberts v. Town of Cross*, 23 Okla. 888, 101 Pac. 1114, *supra)*, and therefore, under section 1221, Wilson's Rev. & Ann. St. 1903 (section 4662, Rev. Laws 1910), he had a right to commence this action in the proper form to get the relief that he was actually entitled to.

From an examination of the entire record, we are firmly convinced that the judgment of the trial court is correct, and should therefore be affirmed.

By the Court: It is so ordered.