**BANK OF CHELSEA v. SCHOOL DIST. NO. 1, ROGERS COUNTY et al.**

No. 7452—Opinion Filed Jan. 9, 1917.

(162 Pac. 809.)

**1. Schools and School Districts—Warrants—"Valid Charges."**

A school district warrant is not a valid charge until registered by the treasurer of the school district issuing the same.

**2. Action—Premature Commencement.**

The nonexistence of a cause of action when

suit is brought is a fatal defect which cannot be cured by the accrual of a cause while the suit is pending.

**3. New Trial—Schools and School Districts —Warrants — Premature Action — Mandamus—Validation—New Trial.**

Where a suit is brought upon school district warrants, which have not been registered by the treasurer of the district, but which are registered after the judgment in the action on the warrants, pursuant to mandamus against the treasurer in another suit brought during the pendency of the action on the warrants, the registration being dated back of the date of the institution of the action upon the warrants, such registration cannot give vitality to the purported cause of action included in the suit on the warrants, judgment having already been rendered therein, and such registration, after the judgment, is not ground for a new trial on account of newly discovered evidence.

**4. New Trial—Newly Discovered Evidence— Right to New Trial.**

A party will not be entitled to a new trial upon the ground of newly discovered evidence, where he knew of the absence of the evidence at the time of going to trial, unless it appears that such party took proper legal steps to procure a continuance or delay of the trial on account of the absence of the evidence.

**5. Same—Diligence.**

Record examined, and held, that party moving for new trial on account of newly discovered evidence has not shown diligence.

**6. Judgment—Conclusiveness—Matters Concluded.**

A final judgment in an action of mandamus, requiring a school district treasurer to register certain warrants of his district, which is not appealed from, is res judicata as to the validity of the warrants when registered in pursuance thereof.

(Syllabus by Johnson, C.)

Error from County Court, Rogers County; Walter W. Shaw, Judge (Frank Ertell, Special Judge, on motion for new trial).

Action by the Bank of Chelsea against School District No. 1, Rogers County, a corporation, and others. There was a judgment for defendants, and plaintiff brings error. Affirmed as modified.

C. B. Holtzendorff and P. W. Holtzendorff, for plaintiff in error.

W. H. Kornegay, for defendants in error.

Opinion by JOHNSON, C. Plaintiff in error instituted in the justice court of Rogers county two separate suits against defendant in error upon four school district warrants for teachers' salaries. From judgments in favor of plaintiff in each case, the school district appealed to the county court. In the county court the two cases were consolidated for the purpose of trial, the trial resulting in judgment for the defendant.

The warrants in question were issued during the fiscal year beginning July 1, 1911, without having been registered by the treasurer of the school district, and were purchased of the payees by the plaintiff bank, not having been registered until after the rendition of the judgment in the county court on December 30, 1914, which denied recovery to plaintiff on account of the lack of registration of the warrants, and from which judgment plaintiff filed an appeal in this court upon June 18, 1915.

On August 29, 1913, and during the pendency of the actions in the county court, the plaintiff, the Bank of Chelsea, filed in the district court of Rogers county against the school district treasurer a mandamus proceeding to compel the registration of the warrants; and on May 6, 1915, final judgment was rendered by the said district court in such mandamus proceeding, granting a peremptory writ of mandamus against Homer Denny, county treasurer Rogers county, and ex officio treasurer of defendant school district, as the successor in office of the original defendant in the mandamus action; and, in compliance with that writ, the said county treasurer, as ex officio treasurer of the school district, thereafter indorsed upon the warrants in question registration thereof as of the respective dates of issuance of the warrants in November and December, 1911.

Upon May 14, 1915, the Bank of Chelsea, plaintiff in the action on the warrants, filed in the original action in the county court a petition for a new trial upon the ground of newly discovered evidence; the proposed newly discovered evidence being the warrants in question, with the indorsements of registration thereon, made, as above stated, in pursuance of the said writ of mandamus, and after entry of judgment in the action in the county court and the overruling of a former motion for new trial upon other grounds. The petition for a new trial, upon the ground of newly discovered evidence, was denied in the county court upon February 14, 1916; and upon May 11, 1916, the Bank of Chelsea filed in this court in the same cause with the other appeal what is termed a supplemental petition in error, appealing from the judgment of the county court, which denied the petition for a new trial upon the ground of newly discovered evidence.

The two appeals have been filed in this

court as one cause, and have been so briefed by the parties without objection. For convenience we will treat the two appeals as one cause without passing upon the propriety of this method of procedure on appeal.

We are of opinion that plaintiff was without a valid cause of action at the time of the institution and pendency of the cases in the lower court.

Section 5, c. 80, Session Laws 1911, reads as follows, viz.:

"It is hereby made the duty of the treasurer of the county, or the treasurer of any subdivision thereof, to whom a warrant, certificate of indebtedness or bond is directed for payment, to register the same in a book to be kept for that purpose by entering therein the number, the date, the name of the payee, the fund upon which it is drawn and the amount, and by writing on the warrant or evidence of indebtedness, the date of registration, his name and official title. All warrants, certificates of indebtedness or bonds, shall be registered in the same numerical order in which they have been issued, and when so registered shall be returned to the officer attesting the same. **No warrant, certificate of indebtedness or bond shall be a valid charge until registered by the treasurer of the municipality issuing the same.** Warrants and all evidences of indebtedness shall bear interest at the legal rate from and after its registration by the treasurer, unless there is cash on hand to pay the same when presented for registration and then the treasurer shall make the same 'payable' after registering the same, and no interest shall be computed or allowed thereon when paid. When the treasurer has money on hand to pay warrants duly registered, he shall publish notice thereof in one issue of a newspaper, or by posting five notices in public places, and interest shall cease on said warrants after thirty days from the date of said publication or posting of said notices." (Emphasis ours).

It is admitted that the warrants involved in this appeal were not registered at the time of the bringing of the original actions in the justice court, nor until after the final disposition of the appeals in the county court. Under the plain terms of the statute, the warrants were not a valid charge against the school district until registered, and therefore could not have been the proper subject matter of suits against the school district.

It is a general rule that an action must be founded upon a claim which is valid and subsisting at the time of its institution, and that plaintiff cannot supply the want of a valid claim at the commencement of the action by the acquisition or accrual of one during pendency of the action. 1 Cyc. 739, 744; Commercial Union Assur. Co. v. Shults, 37 Okla. 95, 130 Pac. 572; Kerr v. State, 33 Okla. 110, 124 Pac. 284.

In support of the appeal from the judgment of the lower court, denying the petition for a new trial upon the ground of newly discovered evidence, plaintiff in error points out that the registration of the warrants made subsequent to the judgment of the county court and in pursuance of the peremptory writ of mandamus issued from the district court was made as of the respective dates the warrants were issued, viz. in the months of November and December, 1911, and urges that they should be considered as having been registered on those dates; that, if they are so considered, they were valid charges at the time of the institution of the actions; that this fact of the registration, as of the prior dates, is a fact which occurred after the trial, and which plaintiff in error was not able, with the exercise of diligence, to produce in evidence at the trial, and which should entitle plaintiff in error to a new trial upon the ground of newly discovered evidence.

In support of this position, plaintiff in error cites Territory v. Gilbert, 1 Mont. 371, in which case it was held by the Supreme Court of Montana that, where the failure to make the registration of a warrant was due to the neglect of the officer, and not of the holder, mandamus would lie to compel the registration, and that the court would consider the case as though the warrant had been properly indorsed at the time the owner was entitled to have the registration made. This holding, however, was not in an action at law to recover on the warrant, brought before its actual registration, but was enunciated in an action of mandamus, in an application of the equitable principle that in an equitable action equity will consider as done that which ought to have been done. This same principle evidently was applied by the district court of Rogers county in granting the peremptory writ of mandamus requiring the treasurer to register the warrants here involved. However, the county court had no jurisdiction to apply this equitable rule in the action at law upon the warrants. In addition to this, under the Montana statutes the warrant was not invalid by reason of lack of registration, but in that state the date of the registration was controlling as being the date from which the warrant began to draw interest; and the holding of the court in effect was that the right to interest was obtained by the presentment for registration, and not by the simple indorsement of the fact of presentment, which constituted the registration. Under our statute

above quoted, the registration is in effect a part of the original execution of the warrant by the school district, and is necessary to the original validity of the instrument as a charge against the maker. To say that the warrant is a valid charge from presentment for registration would be an evasion of the plain language of the statute. We must hold that the warrants had no binding force as evidence of indebtedness until actual registration; that the presentment for registration gave to the warrants no such validity as would support an action at law for their collection, in the absence of actual registration; and that the registration, actually made after the adverse judgment in the action upon the warrants but dated back of the institution of the action, did not operate to give vitality to the action already instituted and terminated. The remedy of plaintiff was the procurement of the registration by the mandamus action before the institution of suit upon the warrants; and the action was prematurely brought in this instance.

Under the above holding, the purported causes of action involved in the trial having had no legal basis, plaintiff was not entitled to a new trial on account of newly discovered evidence by reason of the subsequent registration of the warrants.

On the other hand, were it possible to hold that the subsequent registration of the warrants as of a date prior to the institution of the suit could have an ex post facto effect upon the suit, plaintiff would not be in position to ask a new trial on account of newly discovered evidence, for the reason that no diligence is shown in perfecting the warrants as evidence. Plaintiff allowed nearly two years to elapse before instituting mandamus proceedings, and, in addition to this, did not move for a continuance of the trial on account of the pendency of the mandamus action and its then known inability to produce the registered warrant as evidence at the trial. The rule has been stated by this court as follows:

"The first duty of a party surprised at the trial, * * *, is to take proper legal steps to continue or delay the cause. He cannot neglect this duty in the hope of securing a verdict in spite of such surprise and then obtain a new trial. * * * The defendant, having failed to comply with this rule, is not entitled to a new trial on such ground." McCants v. Thompson, 27 Okla. 708, 115 Pac. 600; First Nat. Bank of Taloga v. Farmers' State Guaranty Bank of Thomas 62 Oklahoma, 161 Pac. 1063.

In their briefs the parties present the question of the validity of the warrants, as they now exist, with the registration made after the expiration of the fiscal year for which they were issued. The contention is made that the fund upon which the warrants were drawn has been exhausted. While a determination of these propositions is not necessary to this appeal, in view of our conclusions hereinabove reached, yet it may be well to suggest that these contentions have been settled by the judgment in the mandamus case, which was not appealed from, but became final and is res judicata as to matters properly embraced within it. The validity of the warrants and their rights to registration were in issue in the mandamus action; and there is nothing apparent in the record of the mandamus proceeding, as it appears here, to show that the judgment was not properly rendered.

The judgment of the lower court should be modified so as to show that it shall not be considered as an adjudication of the rights of the plaintiff upon the registered warrants, but simply as an adjudication of the cause of action upon the warrants as they existed, without registration, at the time of the trial. See Town of Cross v. De Roberts, 51 Okla. 765, 155 Pac. 496, and Midland Savings & Loan Co. v. Sutton et al., 55 Okla. 84, 154 Pac. 1133.

With the modification above stated, the judgments of the lower court in the case proper and upon the petition for a new trial upon the ground of newly discovered evidence should be affirmed.

By the Court: It is so ordered.