Grafton, } 
April 1, 1924. }

### JOSEPHINE COFFIN *v.* WILLIAM COFFIN.

Upon the amendment of a libel by stating a different ground for divorce, after the trial, the question whether justice requires that the libelee be given a further hearing is for the determination of the trial court.

LIBEL, for divorce. Trial by the court and decree for the libelant.

The cause for divorce alleged in the libel was extreme cruelty. The libelee filed as an answer a cross libel praying for a divorce upon the ground of adultery. After the trial, the court found and informed counsel for both parties that the libelant was not entitled to a divorce for extreme cruelty, but was so entitled upon the ground of conduct such as to seriously injure health. And the court suggested that counsel for the libelant file a motion to amend her libel by adding an allegation for that cause. Such a motion was filed by counsel for the libelant. Whereupon the amendment was allowed.

The court, thereupon, dismissed the libel of the libelee because his allegation of adultery was not sustained by the evidence, and entered a decree of divorce upon the ground of conduct such as to seriously injure health, and made orders as to custody of children and for alimony. The libelee excepted to the granting of the divorce upon a ground not alleged in the original libel for the reason that the case was not tried on the theory of conduct such as to seriously injure health, and that he had not had notice, and was not prepared to be heard on that ground. Transferred by *Branch,* J.

*Jewett & Jewett,* for the libelant.

*Alvin F. Wentworth,* for the libelee.

PLUMMER, J. The authority of the court to allow the amendment in question cannot be doubted. The parties were in court, and the finding of the court indicated that justice required such an amendment. *Jellison* v. *Jellison,* 70 N. H. 633; *Sanborn* v. *Railroad,* 76 N. H. 65. In fact the libelee does not deny the right of the court to permit the amendment. But his complaint is that he was not given a further hearing after the amendment was allowed. Whether this privilege should be granted to the libelee is a question

of fact to be determined by the trial court. *LaCoss* v. *Lebanon,* 78 N. H. 413, 417, and cases there cited. If justice requires that the libelee should have a further hearing, it should be granted to him upon application.

*Exception overruled.*

All concurred.