CHARLES SYDNEY SMITH *et al.*, Commissioners of Sinking Funds of the City of Providence, *vs.* ORIN WESTCOTT *et als.*, Commissioners of the North Burial Ground, in said Providence.

The commissioners of the North Burial Ground, officers of the city of Providence, had legislative authority to receive funds in perpetual trust, and to apply the income to the care of lots in the North Burial Ground. Subsequently, a legislative act directed the transfer of the trust funds to the commissioners of Sinking Funds of the city of Providence.

*Held,* that the act directing the transfer was valid, and was not violative of any con-
tract with the donors of the trust funds.

The commissioners of the North Burial Ground held the trust funds as the city itself
would have held them, had it been empowered to act as trustee.

The legislature may invest a municipal corporation with power to act as trustee, and
may at pleasure transfer this power and the administration of the trust to another
trustee.

PETITION for a writ of Mandamus.

*May* 2, 1891. STINESS, J. In the year 1861, by Pub. Laws
R. I. cap. 367, of March 8, 1861, the General Assembly authorized
gifts by deed or will to the commissioners of the North Burial
Ground, in the city of Providence, and their successors in office,
for the purpose of constituting a fund to be held in perpetual trust,
and the income thereof to be applied to the care of burial lots and
memorials to the dead, as set forth in the instrument creating the
trust. The commissioners were directed to make investments of
the trust property, to keep accounts, to apply the income, and to
make detailed reports to the municipal court of the city. At the
January session, A. D. 1889, by Pub. Laws R. I. cap. 781, of April
25, 1889, the General Assembly directed the commissioners of the
North Burial Ground to pay over to the commissioners of Sinking
Funds of the city of Providence the perpetual care funds held by
them, with such as should hereafter come to them, and changed the
duty of investing the same from the commissioners of the Burial
Ground to the commissioners of the Sinking Fund, the former to
continue to receive and apply the income as before. Upon demand
of the petitioners for payment to them, under this act, of the per-
petual care funds, the respondents refused to make the payment,
upon the claim that they hold said funds as trustees under said
chapter 367, and that chapter 781, so far as it directs the payment
of funds held prior to its passage, is inoperative, because the title
had vested in them as trustees. The question now comes before
us on a petition for mandamus. The argument of the respondents
is, that chapter 367, and the acts of individuals making trust gifts
under it, constitute a grant or executed contract; and that the
later act, changing the custody of the funds and duty of invest-
ment, is within the meaning of the clause in the constitution which
prohibits the passage of a law impairing the obligation of a con-
tract. They refer to *Fletcher* v. *Peck,* 6 Cranch, 87, and *Dart-*

*mouth College* v. *Woodward*, 4 Wheat. 518, in support of their position. These two noted cases are of undoubted authority to the effect that vested rights under an unrestricted grant to an individual or private corporation, when the law is in the nature of a contract, cannot be divested by a subsequent change or repeal of the law, because this would impair the obligation of an executed contract.

The case before us is quite different, for it does not affect an individual or private corporation. The respondents are not here in defence of private vested rights, but as officers of a public municipal corporation, claiming certain rights, under a statute, as incidental to their office. As individuals they can lay no claim to the administration of the fund, but only as commissioners of the North Burial Ground. If one should go out of office, his title would be at an end. Hence they stand in the same relation to the fund that the city itself would if it were the trustee in its own name, instead of its officers and agents. In regard to the power of the legislature to alter or repeal a grant, a marked distinction has always been observed between private and public grants. Following the cases cited above, it has become settled that an unrestricted grant to an individual or private corporation becomes, when accepted, a contract which is beyond legislative control. It has also become settled that special powers conferred upon a municipal corporation, or its officers, are not vested rights as against the State. But questions have arisen with reference to the right of a municipal corporation to be trustee, and also of the right of a State to control it, when it is acting as such.

The leading case of this country upon the subject is *Vidal* v. *Girard's Executors*, 2 How. U. S. 127, where it was held that a municipal corporation, when authorized by law, may take and hold property in trust; and so the donation, in the well-known will of Stephen Girard, to the city of Philadelphia, in trust for charitable purposes, was sustained. In 1860 the management of this trust was, by act of the legislature, taken away from the city and committed to a board of directors of city trusts. This action of the legislature was contested, but was upheld in *Philadelphia* v. *Fox*, 64 Pa. St. 169, upon the ground that a municipal organization, trustee of a charity, cannot set up a vested right to maintain such

organization in the form in which it was when the trust was created, and prevent the State from changing it as the public interest may require. These cases determine the right of a municipal corporation to act as a trustee, when duly authorized, and also the right of the legislature to divest the corporation of such rights, and to commit the administration of the trust to others. The same right has been recognized in other cases. *Merewether* v. *Garrett*, 102 U. S. 472; *Girard* v. *Philadelphia*, 7 Wall. 1; *Montpelier* v. *East Montpelier*, 29 Vt. 12. Upon the authority of these cases, Judge Dillon, in his work on Municipal Corporations, §§ 30, 437, lays it down as unquestioned law that a municipal body may both act as trustee and also be divested of a public trust at the will of the legislature. But it may be urged that a trust for the care of one's private burial lot is not within this rule, because it is not a public, charitable trust. This court has held, *Kelly* v. *Nichols*, *ante*, p. 306, that such a trust is a private, and not a charitable trust. Nevertheless, the General Assembly, in 1852, specially authorized towns to receive and hold funds in trust for that purpose, which authority still continues, and, as has been stated, gave a like authority to the commissioners of the North Burial Ground in 1861. If, when the trust is for a recognized charitable purpose, a municipal corporation, in its capacity as trustee, is subject to the will of the legislature, *à fortiori*, we think it is clear that it is equally subject in case of a private trust which it can only hold by authority of the legislature, and if the administration of the trust can be taken from the hands of the municipal corporation itself, certainly its officers and agents can hold under no stronger claim. If the respondents' position is correct, the city is bound to continue the office of the commissioners of North Burial Ground in order to support the trust. We think this could hardly have been contemplated by the donors of the funds, but rather in making the gifts, in the words of Judge Sharswood in *Philadelphia* v. *Fox*, *supra*, " they must be held to have done so with the full knowledge that the trustee so selected was a mere creature of the State, an agent acting under a revocable power."

Our conclusion, therefore, is, that the legislature had power to change the custody of the funds from the respondents to the complainants. In reaching this conclusion we have taken the case as

presented, without regard to the last section of chapter 367, which provides that the act shall be subject to all future acts in amendment or repeal thereof, although we see no reason why this section might not be regarded as conclusive of the question before us.

*Petition granted.*

*Nicholas Van Slyck*, for petitioners.
*Cyrus M. Van Slyck*, for respondents.