SCHOOL DISTRICT No. 76, *et al.* v. CAPITOL NATIONAL BANK.

(Filed July 30, 1898.)

1. SEPARATE SCHOOLS—*Tax Levy—Debts Not Township Liability.* When separate schools are established, as provided in ch. 79, art. 13, Laws 1890, an annual tax is required to be levied by the board of county commissioners in addition to the general county tax provi ed for in section 6435, sufficient to maintain such separate schools. When a township, therefore, under the school laws of 1890, erected a school house, paid teachers' wages, and purchased fuel, for the support and

maintenance of such separate schools, the debts incurred for such purposes are not a township liability.

2. SCHOOL WARRANT—*Not Township Obligation.* A school warrant, drawn by the county c.erk on the county treasurer, in comp.iance with the provisions of section 6412 of the Laws of 1890, to be paid out of the moneys of the separate school fund in the treasury, not otherwise appropriated, does not constitute a township or school district obligation.

3. SAME—*Action by Holder.* A holder of school warrants drawn by the county clerk on the county treasurer under the school laws of 1890, to be paid out of the moneys of the separate school fund in the treasury, not otherwise appropriated, cannot maintain an action thereon against the township or its legal successors, the school districts created out of said township.

(Syllabus by the Court.)

*Error from the Probate Court of Logan County; before J. C. Foster, Probate Judge.*

*Lawrence, Huston & Huston,* for plaintiff in error.

*John F. Stone,* for defendant in error.

STATEMENT OF FACTS.

Action by the Capitol National Bank against School District No. 76 and others. Judgment for plaintiff. Defendants bring error. Reversed.

This was an action brought by the defendant in error, the Capitol National Bank, against the plaintiffs in error, in the probate court of Logan county, to recover upon nineteen school warrants, copies of which are attached to the petition of the plaintiff as exhibits from 1 to 19, inclusive. The material averments in the petition are: That school township 15 north, of range 1 west, was organized as a municipal corporation in 1891, under the statute of 1890, and continued its corporate existence until March 14, 1893. That in 1893 the county superintendent divided said school township into school districts numbered 76,

77, 78, 79 and 82, defendants herein, and that said school districts covered the territory and received the property of said school township. That said school districts then and thereby were and are now jointly the corporate successors, both in territory and corporate functions, assets, and liabilities, of the said school township; that at the time of the division of said school township a proportionate and equitable division of the property held by said district was made between them, by and with their consent. That said liabilities, at the time of the division of said school township, as evidenced by the outstanding warrants issued by the clerk of Logan county, and chargeable to the township fund, and separate fund of said school township, amounted to over $1,200. That all the debts and obligations herein alleged in the several paragraphs of this petition were incurred by said township for the benefit of all the inhabitants thereof, for the maintenance and support of the public schools of said township. That by reason of the territorial and corporate successorship of said school districts to the assets and liabilities of the former school township said school districts are each and all liable for the amount of such indebtedness, and particularly the amounts sued upon in the various paragraphs of this petition.

The petition then avers that each of said districts has drawn a certain amount of separate school funds from the county of Logan, and appropriated the same to its own use. Then follows the several paragraphs of the petition, being all alike except the dates and description of the warrants sued upon. Paragraph 1, including a copy of the exhibit, is as follows:

"That, referring to all the allegations contained in the first four pages of this petition, and hereby making the

same a part of this paragraph, plaintiff alleges further that it is the holder by assignment and transfer from the payee of warrant No. 1,209, issued by the county clerk of said county to G. W. Greenway, and against the separate school fund of said school township, and dated September 27, 1892, for the sum of fifty dollars, a copy of which said warrant, with all the indorsements thereon, is hereto attached, and made a part hereof, marked 'Exhibit 1.' That said warrant was presented for payment, and indorsed, 'Presented for payment, but not paid for want of funds,' and duly registered for payment by the county treasurer of said county, on September 27, 1892. That said warrant is due, and wholly unpaid, and there remains due thereon the original amount of said warrant, with interest thereon from the date of registration, less the amount of $46.62, paid on said warrant on April 2, 1897."

Exhibit No. 1:

"No. 1,209.   Guthrie, Oklahoma, Sept. 27, 1892.

"Treasurer of the County of Logan:   Pay to G. W. Greenway, or order, fifty dollars for material to build school house, out of school moneys in separate school fund, the treasury not otherwise appropriated, and charge to township 15, 1 W. school fund.   School Board order No. 9.   $50.00.

T. A. Dyche, County Clerk."

Indorsed on back:   "G. W. Greenway."

"Presented for payment, and not paid for want of funds Sept. 27, 1892.   Registered, and not paid.   No. 1,190.   L. F. Laverty, County Treasurer.   George A. Jasper, Deputy."

The prayer of the petition is as follows:

"Plaintiff prays judgment against said defendants for the face of the warrants sued upon in this petition, with interest thereon from the date of registration, amounting to the sum of nine hundred and fifty dollars, and costs of suit; and that the same be a charge upon all the taxable

property formerly included in said school township, now included in said school districts; and for such other and further relief as to the court may seem just and proper."

The defendant school districts jointly and severally demurred to the petition, and to each count thereof, on the ground that it does not state facts sufficient to constitute a cause of action against the defendants, either jointly or severally, and that neither count of said petition states facts sufficient to constitute a cause of action against said defendants, either jointly or severally. The demurrer was overruled by the court, to which the defendants excepted, and elected to stand upon the demurrer. Judgment was then rendered against the defendants in the sum of $950, the same to be paid in proportion to the assessed valuation of such school districts for the year 1897. The defendants bring the case here on appeal from the judgment of the probate court.

Opinion of the court by

HAINER, J.: The warrants sued upon in this action, except the last one, were issued while the school laws of 1890 were in force. The last warrant sued upon was issued March 18, 1893, after the school law of 1890 had been repealed, and the act of March 14, 1893, was in operation. The theory of the defendant in error in this case is that the original indebtedness was an indebtedness incurred by the township for the benefit of all the inhabitants thereof, for the support and maintenance of the public schools; that the township school system was superseded by the district school system by the act of March 14, 1893, when the county superintendent, in pursuance of said act, divided said school township into school districts 76, 77, 78, 79, and 82, the defendants in this action, and that the school districts succeeded to all the property

50       SUPREME COURT OF OKLAHOMA.

School Dist. No. 76, *et al.* v. Capitol Nat'l Bank.

of the old corporation, and were liable for all the valid debts created and outstanding against said township. It is contended that these warrants, while issued by the county clerk, were in fact evidences of indebtedness against the school township, and were a township liability; that the school districts being the legal successors of said school township, were liable upon said warrants, and were, therefore, proper parties to sue. On the other hand, it is contended by the plaintiffs in error that the debts created by the school township are not a township indebtedness, but are a general county liability, and the fact that the act of March 14, 1893, repealed the school law of 1890, and created five school districts out of the former township, does not affect the township liability; that the plaintiff, the Capitol National Bank, cannot sustain an action against the defendants.

The case, then, turns upon the question whether the warrants sued upon in this action are a township or a school district liability. It is a well-established principle of law that when a corporation is extinguished, and new corporations are created out of the same territory that was included in the old corporation, the new corporations succeed to all the rights and property of the extinguished corporation; and such successors are bound by the valid contracts and liabilities of the former corporation. (*Broughton v. Pensacola*, 93 U. S. 266; *Mobile v. Watson*, 116 U. S. 289, 6 Sup. Ct. 398; *Girard v. Philadelphia*, 7 Wall. 1; *Mt. Pleasant v. Beckwith*, 100 U. S. 514.) If the warrants sued on in this action were evidences of indebtedness created by the township as a township liability, to be paid exclusively out of the township school fund, levied for that purpose by the township, and for the

purpose of maintaining and supporting the schools of the township, then, in fact, it was a township indebtedness, and being a township indebtedness, the new school districts, which were created out of the former school township, were liable for such debts. But we do not think the provisions of our statute will permit of such a conclusion. The Statutes of 1890 provide for three modes in which to levy and collect taxes for school purposes: First, section 6435 provides: "That the county commissioners shall at the time the annual taxes for the territorial and county purposes are levied, levy on the taxable property of the county, a tax not to exceed one per cent., which shall be collected as other taxes; and the money so realized, together with all moneys collected from fines, forfeitures, penalties, proceeds from the sale of estrays and all moneys paid by persons as equivalent for exemption from military duty, and all moneys collected from marriage licenses, shall constitute a county school fund, and be appropriated exclusively for the purpose of establishing and supporting public schools for not less than three and more than nine months in each year, and defraying current expenses of the same, of every description; and said county school fund shall be apportioned to each school township in said county in proportion to the number of children over the age of 6 years, and under the age of 21 years, resident therein, as shown by the last annual enumeration of the same." Second, section 6436 is as follows: "In each school district, school township and city, as the case may be, the electors thereof may at the annual election for the choice of members of the school board, vote upon the district, township or city, a school tax of not to exceed one per cent. for that year, to

be used for the purposes named in the preceding section, and for the purpose of building, repairing, and improving school houses, of procuring furniture, fuel, libraries and apparatus, and for all other necessary incidental expenses. The secretary of the board shall certify to the county clerk the number of mills so voted, who is hereby authorized and required to place the mills on the tax rolls of said county, as a levy on the taxable property in that district, township or city, to be collected by the treasurer of the county, as other taxes, and payment on orders and warrants drawn by authority of the school board of the district, township or city." And, third, section 6469, which provides for a separate school tax, is as follows: "In all counties in which the electors have voted to establish separate schools for white and colored children, the board of commissioners shall annually levy a tax in addition to the tax provided for in section 6435, of this act, sufficient to maintain such separate schools."

Here, then, we had (1) a general county school fund, (2) a township school fund, and (3) a separate county school fund for colored children. The legislature expressly provided "that where separate schools are maintained in the county, a separate school tax must be levied annually," in addition to the general school tax, upon all the taxable property of the citizens of the county. It did not contemplate that the separate schools for colored children should be maintained by a tax levied upon the property of the citizens of the township. It appears that the warrants in this case were issued for the purpose of building a school house for colored children, for fuel, and for teachers' wages to maintain such schools in said township. The township had no power to incur any in-

debtedness for such purposes, and therefore it could not be a township liability.

Section 6412, of the Statutes of 1890, required the school board of the township to audit and allow a claim, and issue its order to the party entitled thereto, directed to the county clerk; and the county clerk was required to draw a warrant on the county treasurer for the amount due such party. But this fact does not change the liability of the township. These warrants could not have been legally drawn on the township fund, neither could they have been drawn on the county general fund. The express language of the statute is that there should be "a separate tax levied on all the taxable property of the county" for this specific purpose, sufficient to maintain such separate schools. It will be observed that there is absolutely no limitation as to the amount of taxes that could be levied for this purpose. Under the provisions of this statute it was the duty of the county commissioners to levy a sufficient amount of taxes to maintain such separate schools.

Section 6472 of the act relating to separate schools provides: "Any person aggrieved by any actions on the part of a district or township school board, or board of county commissioners, in failing to comply with the provisions of this act, may have his remedy by a writ of mandamus against such district or township school board, or board of county commissioners in any court having jurisdiction, and such action may be brought in the name of the party aggrieved or his or her parent or guardian."

From these various provisions of the statute relating to schools, which were in force at the time the debts were created, and the warrants issued, upon which this action is based, we draw the following conclusions:

I.   When separate schools are established as provided in ch. 79, art. 13, Laws of 1890, an annual tax is required to be levied by the board of county commissioners, in addition to the general county tax provided for in section 6435, sufficient to maintain such separate schools. When a township, therefore, under the schools laws of 1890, erected a school house, paid teachers' wages, and purchased fuel, for the support and maintenance of such separate schools, the debts incurred for such purposes are not a township liability.

II.   A school warrant drawn by the county clerk on the county treasurer, in compliance with the provisions of section 6412 of the Laws of 1890, to be paid out of the moneys of the separate school fund in the treasury, not otherwise appropriated, does not constitute a township or school district obligation.

III.   A holder of school warrants drawn by the county clerk on the county treasurer under the school laws of 1890, to be paid out of the moneys of the separate school fund in the treasury, not otherwise appropriated, cannot maintain an action thereon against the township, or its legal successors, the school districts created out of said township.   The court therefore erred in overruling the demurrer to the petition.

Other errors are assigned and argued by counsel for plaintiffs in error, but as this case must be reversed for the reasons herein stated, it is not necessary to consider them.   The judgment of the court below is reversed, and the case remanded, with instructions to sustain the demurrer to the petition and dismiss said action.

All the Justices concurring.