## GUARANTEED STATE BANK OF DURANT v. D'YARMETT et al.

No. 6425—Opinion Filed Oct. 9, 1917.

On Petition of Plaintiff in Error for Rehearing, Jan. 8, 1918.

(169 Pac. 639.)

(Syllabus.)

1. **Interpleader — "Strict Interpleader" — "Bill in the Nature of a Bill of Interpleader."**

In an action of strict interpleader, the plaintiff must show that conflicting claims are made against him by two or more persons for the same thing; that he has no interest in the subject-matter of their controversy; and all the relief he can ask is that, on payment of the fund into court, his liability shall cease, and the hostile claimants be required to settle their dispute among themselves.

But under a bill in the nature of a bill of interpleader the plaintiff has a right to ask for affirmative relief, as, for example, where there is a dispute between persons as to which is entitled to a debt due for certain paving, the owner of the property chargeable with the debt may file a bill to procure a decree adjudging which of the hostile claimants is entitled to the fund, and that, on its payment, the paving bonds issued against such fund shall be surrendered to him for cancellation.

2. **Assignments—"Equitable Assignment."**

The delivery of void paving bonds by D. to G. as collateral security for a debt from D. to G., does not work an equitable assignment of a debt from M. to D. for the cost of the paving, against which the bonds were issued.

3. **Assignments — Definition — "Lien."**

A lien is a charge imposed upon specific property, by which it is made security for the performance of an act.

An assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one's whole interest in an estate, or chattel, or other thing.

4. **Municipal Corporations — Street Improvement Assessment — Bonds—Validity—Cancellation.**

An assessment to pay the cost of street improvement, under chapter 10, S. L. 1907-08, made against the owner, and not against the property adjacent or contiguous to the improvement, is void; paving bonds issued to cover the cost of said improvement are void and subject to cancellation in an action brought for that purpose.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by the Missouri, Kansas & Texas Railway Company against E. C. D'Yarmett, the Guaranteed State Bank of Durant, and others. Judgment in favor of plaintiff, and judgment for defendant the Guaranteed State Bank of Durant against defendant D'Yarmett denying a lien, and the Guaranteed State Bank brings error, and D'Yarmett files a cross-petition in error. Affirmed.

Hatchett & Ferguson and Fuller & Porter, for plaintiff in error.

Clifford L. Jackson, W. R. Allen, M. D. Green, Charles P. Gotwals, Tibbetts & Green, H. M. Gray, Wilson, Tomerlin & Buckholts, and Phillip E. Winter, for defendants in error.

OWEN, J. This action was brought by the Missouri, Kansas & Texas Railway Company, in the district court of Bryan county against E. C. D'Yarmett, the Guaranteed State Bank of Durant, and others. The petition alleged, in substance, that the city authorities of Durant had ordered certain paving, and created an improvement district which included the railway company's right of way at the street crossing; that the railway company had the option of paving between its tracks, but the city authorities had assessed the cost of said improvement against the railway company, and had issued paving bonds for said amount; that the railway company had, in fact, paved that portion of its right of way included in the district under contract with the defendant D'Yarmett with the consent and approval of the city authorities; that the assessment and bonds were void for the reason the assessment was made against the company and not against the property included in the improvement district; that the company had at all times been ready and willing to pay D'Yarmett the contract price for said paving as soon as D'Yarmett complied with the terms of the contract by furnishing the company with receipts for all claims for labor and supplies; that the paving bonds were outstanding and constituted a cloud upon the title of the company's right of way; that other persons named as defendants were claiming to be the owner by assignment of said bonds and of the funds due D'Yarmett; that various defendants claiming to be creditors of D'Yarmett had garnished the railway company in various actions pending in different courts, and that the railway company had been sued in a number of actions by different persons presenting claims against D'Yarmett for labor and supplies growing out of said paving. The petition joined all persons mentioned as defendants, and prayed that they be required to set forth their claims against D'Yarmett growing out of said pavement and their interests or claims in and to said funds; that the bonds be adjudged void and surrendered for cancellation, the city enjoined from collecting the assessment, and that the court determine to whom the company should pay the funds which it contracted to pay D'Yarmett for said paving. Upon trial of the various issues joined, the court found that the work performed by D'Yarmett under contract with the railway company was in all respects done with the consent and approval of the city; that the assessment against the company and the bonds issued therefor were void, and directed a cancellation of the assessment and of the bonds. The company was directed to pay to the clerk of the court the amount contracted to have been paid D'Yarmett.

As between the various defendants claiming an interest in the fund, the court found that the defendants American Asphaltum & Rubber Company and William Gethmann had valid prior liens upon the fund in question in sufficient amounts to exhaust same, by virtue of certain garnishment proceedings. The Guaranteed State Bank was awarded judgment for $5,000 against D'Yarmett, but was adjudged to have no valid lien on the fund. From this judgment the Guaranteed State Bank appealed, and D'Yarmett filed a cross-petition in error.

A motion to dismiss the appeal was filed by defendant in error D'Yarmett, alleging the lower court was without jurisdiction of the subject-matter, and without power to render the judgment entered. In support of this contention it is urged by counsel that the action cannot be maintained as a bill of interpleader because the railway company, asking affirmative relief, is not a mere stakeholder; that it cannot be maintained as a bill in the nature of a bill of interpleader for the reason that the railway company is not entitled to equitable relief against all the parties. We agree that this action is not one of interpleader, strictly speaking, but it is not necessary that the relief must be purely equitable against the several parties before the action can be maintained as a bill in the nature of a bill of interpleader. The railway company is a stakeholder of the fund due to D'Yarmett, and offers to pay that on determination by

the court to the party entitled to same. The company also asks for affirmative relief against the city to enjoin the collection of the assessment, the cancellation of the bonds, and to remove the cloud from its title. A bill in the nature of a bill of interpleader is one in which the complainant seeks some relief of an equitable nature concerning the fund or subject-matter in dispute, in addition to interpleader of conflicting claimants. In Pomeroy's Equity Jurisprudence, vol. 5, § 60, it was said:

"The complainant is not required, as in strict interpleader, to be an indifferent stakeholder, without interest in the subject-matter."

To the same effect is section 1571, Daniell's Cham. Pl. & Pr. (5th Ed.) and Story's Eq. Jur. (13th Ed.) § 824. In the case of Hayward & Clark v. McDonald, 192 Fed. 890, 113 C. C. A. 368, it was said:

"A complainant may have in his hands property or money to which others have conflicting claims, in reference to which property or conflicting claims the complainant may have equitable rights or claims and be entitled to equitable relief. In such case, while he cannot maintain a bill of interpleader strictly so called, he is nevertheless entitled to relief. and is permitted to maintain a bill in the nature of a bill of interpleader."

Another case in point is Illingworth v. Rowe, 52 N. J. Eq. 360, 28 Atl. 456. The subject-matter of the action here was the fund representing the paving work done by D'Yarmett. The railway company claimed an equitable interest in the subject-matter, that is, upon payment of the funds due D'Yarmett it was entitled to have the assessment and the bonds canceled and to be relieved of liability to the various parties making claims against the funds. The bonds issued to cover this assessment were in the hands of the Guaranteed State Bank. The company had been sued by various parties to recover the fund held by it representing the value of the paving work done by D'Yarmett. The company had been made garnishee in suits in which it was sought to secure these funds, or portions thereof, and had been served with an assignment of D'Yarmett's claim in favor of one of the defendants. The company had a right to have a judicial determination between the different claimants as to whom it should pay the fund representing the value of the pavement. Wheeler v. Armstrong, 164 Ala. 442, 51 South. 268; Carter v. Cryer (N. J. Ch.) 59 Atl. 252. It is a well-recognized rule of equity jurisprudence that when a court of equity obtains jurisdiction of an action for any purpose for which it is authorized to render a decree, it will hold such jurisdiction for every purpose and for a complete determination of all the rights of the parties involved in the subject-matter of the cause before it, and will exercise its power in this regard to prevent a multiplicity of suits. De Roberts v. Town of Cross, 23 Okla. 888, 101 Pac. 1114; Cook v. Warner, 41 Okla. 781, 140 Pac. 424; Watkins v. T. F. Mfg. Co. (Ala.) 38 South. 756; Ducktown Co. v. Barnes (Tenn.) 60 S. W. 595; Springfield Tr. Co. v. Warrick, 249 Ill. 470, 94 N. E. 933, Ann. Cas. 1912A, 187; 10 R. C. L. 370. The motion to dismiss for want of jurisdiction must be overruled.

The only remaining question to be determined is whether the trial court erred in denying the Guaranteed State Bank a prior lien on the funds in question. This defendant held the paving bonds issued to cover the assessment against the railway company as collateral security for the payment of the indebtedness from D'Yarmett. It is urged in the brief that the delivery of the bonds to the bank constituted an equitable assignment of the funds due D'Yarmett from the railway company, and this delivery being prior to the garnishment proceedings, the court erred in holding the liens of the attaching creditors superior to the claim of the bank. The trial court held the paving bonds were void, for the reason that the assessment was made against the railway company and not against the property benefited by the street improvement. The portion of the right of way included in the improvement district was at the intersection of the right of way and street. Under the statute in force at the time (S. L. 1907-08, c. 10, p. 176) the city had the right to compel the railway company to pave between its tracks, and upon refusal to do so, the city might do the paving, and under section 614 assess the cost against the property adjacent or contiguous to which said improvement was made. It is conceded the assessment was made against the company, and not against the property, and the railway company paved its right of way under a contract with D'Yarmett. The court correctly held the assessment and bonds issued thereon void, and properly directed their cancellation. Article 10, § 7, Const.; Morrow v. Paving Co., 27 Okla. 247, 111 Pac. 198; Craw v. V. T., 96 Ill. 255, 36 Am. Rep. 143; City of Lincoln v. L. S. B. Co., 67 Neb. 469, 93 N. W. 766; Neenan v. Smith,

50 Mo. 525; Manning v. Den, 90 Cal. 610, 27 Pac. 435.

The delivery of the bonds to the bank as collateral security amounted to a pledge, as defined by section 4500, Rev. Laws 1910, where it is said:

"Pledge is a deposit of personal property by way of security for the performance of another act."

Section 4513 of this statute authorizes a sale of the property pledged when the performance of the act for which the pledge is given is due. Section 4514 provides that the property cannot be sold until after demand of performance from the debtor. In order to constitute an equitable assignment the property right of D'Yarmett in the fund must have passed to the bank. There is a vast difference between a lien and an assignment. Our statute (section 3822, Rev. Laws 1910) defines a lien as:

"A charge imposed upon specific property, by which it is made security for the performance of an act."

An assignment is a transfer of some right or interest from one person to another. 2 R. C. L. 593; 4 Cyc. 6; 5 C. J. 836; Pass v. McRea, 30 Miss. 143; Bush v. Foote, 58 Miss. 5, 38 Am. Rep. 310. The delivery of the paving bonds to the bank as collateral security for the payment of D'Yarmett's debt did not amount to an equitable assignment of the fund in question.

The judgment of the lower court is affirmed.

All the Justices concur, except HARDY, J., being disqualified, did not participate.

On Petition of Plaintiff in Error for Rehearing.

MILEY, J. In its petition for rehearing plaintiff in error calls attention to a question presented in its brief, but which was not treated in the former opinion. It appears from the record that D'Yarmett defaulted in his contract with the city, and that it was necessary for the city to complete the paving which D'Yarmett had agreed to do for the city. On March 29, 1911, to enable the city to complete said street paving, D'Yarmett executed an assignment in writing to it of the bonds against the Missouri, Kansas & Texas Railway Company referred to in the opinion, a deposit in the Guaranteed State Bank, a certain storm sewer warrant, and "all other amounts due me at this time on account of street paving in the city of Durant, Okla., amount of which is unknown at this time."

The city completed the paving and claimed there was due it by D'Yarmett on account thereof the sum of $2,932.47. Litigation arose between the city and the bank, plaintiff in error, respecting their rights to some or all of the items covered by the assignment by D'Yarmett to the city, which was settled by written stipulation dated October 29, 1912. This stipulation, after reciting the amount due the city by D'Yarmett, reads as follows:

"It is further stipulated and agreed that the said city of Durant, Okla., claims to be the owner of the following described property, to wit:

"Street improvement bonds, commonly called the M., K. & T. paving bonds of the face value of $6,897.90, which said bonds under a special contract with the M., K. & T. are to be canceled and surrendered upon payment of the sum of four thousand eight hundred and sixty-nine and 57-100 dollars ($4,869.57). Also cash deposited in the Guaranteed State Bank of Durant, Okla., to the credit of W. S. Shannon, city clerk, amounting to the sum of $1,940.00. Also one certain storm sewer warrant issued by the city of Durant, Okla., on the 29th day of November, 1910, in favor of E. C. D'Yarmett, calling for the payment of $3,185.43 and in addition the accrued interest thereon, and

"Whereas, the city of Durant, Okla., is now suing the Guaranteed State Bank for said above described property in various and sundry lawsuits and it is the desire and intention of the plaintiff and the defendant that this litigation in so far as they are concerned shall be settled:

"Now, therefore, the parties hereto do agree as follows:

"In consideration of the defendant, Guaranteed State Bank of Durant, Okla., paying to the city of Durant, Okla., the sum of nine hundred ninety-two and 97/100 dollars ($992.97) cash and surrendering and paying to said city the sum of nineteen hundred forty dollars ($1,940.00) on deposit in said bank to the credit of W. E. Shannon, city clerk, the receipt of which is hereby acknowledged, the said city of Durant, Okla., does hereby surrender to and does hereby relinquish and set over unto the Guaranteed State Bank of Durant, Okla., all of its right, title, interest, claim and lien in and to all of the above property so that the said defendant, Guaranteed State Bank of Durant, Okla., shall have and retain all of said property in so far as the plaintiff, the city of Durant, Okla., can transfer, assign and convey the same to said bank. And does hereby release said Guaranteed State Bank from any and all claims or demands made against it in this cause.

"And it is further agreed and understood herein. that the said Guaranteed State Bank of Durant, Okla., shall succeed to and become vested with all the interest of said city of Durant, Okla.; in and to said above-described property except the said sum of nineteen hundred forty dollars ($1,940.00) which is surrendered to said city."

The plaintiff in error paid over to the city the amount of the deposit according to the terms of the stipulation, and also the said further sum of $992.97. It contended in its brief that if it was not entitled to the fund due by the railway company for the paving done for it by D'Yarmett, because of the pledge to it of the bonds issued by the city to cover the void assessment against the railway company, then, by reason of the assignment by D'Yarmett to the city and under the terms of the stipulation between it and the city, it became the owner of $992.97 of this fund due by the railway company for the paving done under contract between the railway company and D'Yarmett. The assignment by D'Yarmett to the city was prior in point of time to the garnishments of the creditors of D'Yarmett, who were adjudged to be entitled to priority of payment. We doubt whether the assignment by D'Yarmett to the city of "all other amounts due me at this time on account of street paving, * * *" and more especially the terms of the stipulation between the city and the bank, are sufficient to assign all or any part of the amount due by the railway company to D'Yarmett under the contract between them. However, it is unnecessary to determine that question, since it was not presented or litigated in the trial court, and appears to have been raised for the first time on appeal in this court.

In its answer the plaintiff in error, as one of the defendants below, did not set up claim to $992.07, or any part of the fund by reason of the assignment and stipulation mentioned. The sole claim made in the answer, was that the bonds were valid, and that the same—

"were hypothecated, delivered, and pledged to this defendant by the defendant D'Yarmett on or about the 1st day of January, 1911, to secure payment of a certain note due and owing by the defendant D'Yarmett to this plaintiff (defendant) for the sum of five thousand dollars ($5,000.00) which said note is now due by said defendant D'Yarmett to this defendant and is wholly unpaid, together with the interest thereon; and this defendant now holds said bonds as collateral security for the payment of said note and the accrued interest thereon."

If the question was otherwise presented to or considered by the trial court, the same has not been called to our attention, and we have been unable to discover it in our examination of the record. The well-settled rule against changing the claim or defense to secure a reversal on appeal, and that questions not raised and properly presented for review in the trial court, will not be noticed on appeal, is applicable here. Duffey v. Scientific American Compiling Department, 30 Okla. 742, 120 Pac. 1088; Hamilton v. Brown, 31 Okla. 213, 120 Pac. 950.

The petition for rehearing presents no other question, and the same is accordingly denied.

All the Justices concur, except HARDY, J., disqualified, and not participating.