**KEYS v. PONDER et al.**

No. 12738—Opinion Filed Jan. 29, 1924.

Rehearing Denied June 8, 1926.

1. **Assignments—Rights of Assignee of Chose in Action as to Existing Claims and Equities.**

The assignee of a chose in action takes it subject to all existing claims and equities and acquires no greater interest therein than his assignor had at the time of assignment, unless third persons claiming or having an interest in it, have placed in the hands of the assignor evidence of ownership and permitted the assignor to exercise dominion and control over said chose in action as his own, which would estop such third persons from asserting their claims of interest or ownership in said chose in action against a bona fide purchaser.

2. **Same—"Bona Fide Purchaser."**

To constitute a bona fide purchaser, three things must exist: (a) A purchaser in good faith; (b) for value; (c) and without notice.

3. **Same—Notice—Effect of Putting Assignee on Inquiry.**

Whatever is notice enough to excite attention and put a reasonably prudent person on his guard and calls for inquiry is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it.

4. **Same—Assignee not Bona Fide Purchaser.**

Record examined, and held, that the plaintiff is not a bona fide purchaser.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Appeal from District Court, Greer County; T. P. Clay, Judge.

Action by W. P. Ponder against John C. Keys and others. Judgment for plaintiff,

and named defendant appeals.    Reversed, with instructions.

S. P. Freeling, E. E. Hood, and J. I. Howard, for plaintiff in error.

H. H. Edwards and A. R. Garrett, for defendant in error.

Opinion by JARMAN, C. C. P. Walker, Cy Williams, and R. A. Baird were convicted of a misdemeanor in the county court of Greer county, and an arrangement was made and entered into whereby a cash deposit was made in the City State Bank of Mangum (now the Guarantee State Bank of Mangum, Okla.) for the purpose of procuring T. S. De Arman and Percy Cornelius, president and cashier, respectively, of said bank, to sign the appeal bonds of the defendants in appealing their case to the Criminal Court of Appeals. Acting on instructions contained in a telegram received from John C. Keys, who was in New York, Albert H. Keys, his son, wrote a check on the account of John C. Keys in the Citizens' State Bank of Lawton, Okla., for $4,500 and caused three cashier's checks of $1,500 each to be issued therefor, and said cashier's checks were delivered to C. P. Walker who carried the same to the City State Bank of Mangum, and, on October 27, 1914, deposited $3,600 thereof to the credit of De Arman and Cornelius, and said $3,600 was not subject to check. The appeal bond of each defendant was then signed by De Arman and Cornelius as sureties, and each bond was for $1,200, making a total of $3,600, and this left a balance of $900 out of the original $4,500, and C. P. Walker procured a cashier's check from the City State Bank of Mangum for this amount and deposited the same to the credit of John C. Keys in the Citizens' State Bank of Lawton.

At the time the $3,600 was deposited, a written contract was entered into between De Arman and Cornelius, as parties of the first part, and C. P. Walker, as party of the second part, wherein it was agreed that the $3,600, or so much thereof as necessary, was to be used by the parties of the first part, as sureties on said bonds, to pay any sum for which they might become liable on said bonds, and said contract further provided:

"Now, therefore if the said Cy Williams, R. A. Baird and C. P. Walker shall well and truly make their appearance as under the provisions of said bonds assigned by the first parties, then said money so deposited by the said C. P. Walker in said City State Bank shall by said first parties who are president and cashier of said bank, or whoever may have control of said bank, be paid back to said C. P. Walker.

"It is further provided that by mutual consent, said above sum may be paid back to the said C. P. Walker at any time the parties hereto may so agree."

The Criminal Court of Appeals reversed the judgment against Walker and his associates, and, on August 7, 1919, the county court of Greer county dismissed the case against said defendants and entered an order exonerating the appeal bonds and discharged the sureties from any liability in connection therewith. John C. Keys immediately made demand on the bank for the $3,600, which was refused because W. P. Ponder was claiming the same by virtue of an assignment he had procured from C. P. Walker of his interest in the contract with De Arman and Cornelius, and said assignment is as follows :

"I hereby transfer, sell and assign all my rights, title and interest in a certain contract made between myself and Percy Cornelius and T. S. De Arman as shown by the above copy to W. P. Ponder for a valuable consideration.

"Witness my hand and seal this 8th day of Dec., 1917.     (Signed) C. P. Walker.

"Witness:  J. H. Guyton."

On August 8, 1919, John C. Keys filed suit in the district court of Greer county against the Guarantee State Bank, T. S. De Arman, Percy Cornelius, and C. P. Walker for said $3,600. On October 7, 1919, W. P. Ponder filed suit in the district court of Greer county against the same defendants for said $3,600. Thereafter, said actions were consolidated and W. P. Ponder was treated as plaintiff and John C. Keys and the three defendants, above named, were considered as defendants, and said action, as consolidated, was proceeded with to determine who had the prior right to said fund. A jury was waived and the cause submitted to the court resulting in a judgment for the plaintiff, from which the defendant Keys brings error.

It is clear, from the record, that John C. Keys was the owner of the $3,600 and that he merely caused the same to be deposited by C. P. Walker in the bank at Mangum to indemnify the officers of said bank in making appeal bonds for Walker and his codefendants and that Walker never had any interest in said funds. Therefore, Walker breached the trust that was imposed in him by Keys when he fraudulently assigned said contract to the plaintiff on December 8, 1917.

The first question is:  What rights did the plaintiff, as assignee of said contract, acquire in or to the $3,600?  Said contract

is merely a chose in action and it is the general rule that the assignee of a chose in action takes it subject to all existing claims and acquires no greater interest therein than his assignor had at the time of the assignment. Gillette & Libby v. Murphy, Carroll & Brough, 7 Okla. 91, 54 Pac. 413; Jack v. Nat. Bank of Wichita, 17 .Okla. 430, 89 Pac. 219; Guaranteed State Bank of Durant v. D'Yarmett, 67 Okla. 164, 169 Pac. 639. But the plaintiffs contend that this rule does not apply because the defendant Keys placed in the hands of Walker evidences that Walker was the owner of these funds and permitted him to deal with them as his own, and Ponder, being an innocent purchaser for value, became the owner of said funds.

Walker did not assign to the plaintiff the actual property, $3,600, as the plaintiff contends; but the language of the assignment, "I hereby transfer, sell and assign all my rights, title and interest in a certain contract, * * *," shows that Walker assigned to the plaintiff only such rights as Walker might have under the contract, and at that time it was nearly two years before the criminal case was disposed of, and it depended on contingencies as to whether Walker, even on the face of the contract, could ever claim any right to the $3,600. There is no evidence that the defendant Keys authorized or permitted Walker to handle the $3,600 or to exercise control over it as his own. The record shows that the defendant let Walker have these funds in trust to be used to indemnify the officers of the bank in making certain appeal bonds; that the defendant Keys did not authorize Walker to make the contract with reference to said funds; and there is nothing to show that said defendant knew said contract was made and there is nothing in the conduct of the defendant, with reference to said contract, which was assigned to the plaintiff, that would estop said defendant from asserting his rights to the $3,600.

The next question is—was the plaintiff a bona fide purchaser? To constitute a bona fide purchaser three things must exist: A purchaser in good faith, for value, and without notice.

The contract, that was assigned to the plaintiff, shows on its face that the $3,600 was placed in the bank to indemnify its officers in making three criminal bonds, and the case against the defendants had not been disposed of, and there was no way to tell, at that time, what disposition would be made of the $3,600, and this was sufficient to place the plaintiff upon inquiry.

In discussing a similar question, the court in the case of Gillette & Libby v. Murphy, Carroll & Brough, supra, at page 111 of 7 Okla. 54 Pac. 419, uses the following language:

"When Gillette & Libby received the assignment of this chose in action from Jackson, it was their duty to ascertain from the county what equities Jackson had to assign, and whether it had had actual notice of any previous assignment. It might be said, under the record in this case, that, even if Gillette & Libby had made inquiry of the county as to what it owed Jackson, it would have denied any liability to him; yet these items were in controversy, and the county had been previously notified of the execution and delivery of these orders; and it is to be presumed that, had it been asked as to any assignment of the claim, it, through its proper officers, would have answered truthfully."

At the time the plaintiff procured an assignment of said contract, the bank had been notified that this fund belonged to the defendant Keys and the bank knew that said fund belonged to Keys from the very beginning, for Mr. Cornelius, cashier, testified that he had always considered the $3,600 as the property of the defendant Keys and not the property of Walker; so, if the plaintiff had made inquiry of the bank as to the status of his fund, he would have learned that it belonged to the defendant Keys. Again, the fact that Walker, who stood convicted of a crime, was willing to assign to the plaintiff, and part with $3,600, without receiving a cent, as far as the record discloses, but for the payment of a note for the comparatively insignificant sum of $100 and interest, was sufficient to excite the suspicion and put any prudent business man upon inquiry.

The court, in the case of Wapa Oil Co. v. McBride. 84 Okla. 184, 201 Pac. 984, has followed the well-settled rule that—

"Whatever is 'notice' enought to excite attention and put a reasonably prudent person on his guard and calls for inquiry is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it."

The plaintiff was not a bona fide purchaser, and the findings and judgment of the trial court in that regard are not supported by the record.

The judgment of the trial court is reversed with instructions to render judgment that the defendant John C. Keys has the prior right to the $3,600, with interest at 6 per cent. from August 7, 1919; the interest to be recovered from W. P. Ponder, alone.

BRANSON, V. C. J. A motion was filed herein on November 22, 1924, asking this court to adhere to the original opinion filed in this cause January 29, 1924.

It appears from the motion and the record that on said last-named date an opinion was filed herein, as published in 226 Pacific Reporter at page 73. That thereafter mandate on said opinion was issued to the district court, and the judgment thereof was entered, as said opinion and mandate directed. That the judgment so rendered was satisfied by the defendant bank, and subsequently thereto a motion was filed in this court to recall the mandate; the order spreading the same of record having been vacated by the district court. That later, on said motion, this court on November 18. 1924. modified said opinion by reversing said cause for a new trial.

The relief now sought by the instant motion is that the opinion (as published in the above cited Pacific) be adhered to, not only as being a proper and correct opinion. but for the further reason that this court had lost jurisdiction, for that there is no showing made that the mandate had been inadvertently or fraudulently issued, and that therefore there was no authority here to modify the opinion as was done on said November 18. 1924.

On reviewing this cause, the court is of the opinion that the motion now before the court should be sustained, and that the opinion and judgment of this court should be as set out in the opinion published in the Pacific above cited.

NICHOLSON. C. J.. and HARRISON JJ., MASON. PHELPS. LESTER, HUNT, CLARK, and RILEY, concur.