## AMERICAN STATE BANK OF BOYNTON v. BOARD OF COM'RS OF MUSKOGEE COUNTY.

No. 18642. Opinion Filed April 15, 1930.

Roy Harris, Norman E. Reynolds, and Paul C. Williams, for plaintiff in error.

S. H. Lattimore, Co. Atty., for defendant in error.

HEFNER, J. This action was brought by the plaintiff in error in the district court of Muskogee county to recover on warrants issued by the board of education of the town of Boynton for the salaries of teachers and janitors, and other expenses, of the separate schools of the school district for the fiscal year 1924-25. The warrants had been assigned to the plaintiff. The trial court sustained a demurrer to the petition, and the plaintiff has appealed. The sustaining of the demurrer is assigned as error.

It is alleged in the petition that the board of education of the town of Boynton made a separate budget of the estimated needs of the separate schools of the district for the fiscal year 1924-25, and that the sum of $10,120 was appropriated and a tax sufficient to raise that amount was levied by the excise board on all taxable property in Muskogee county. Of this sum, $8,014.14 had been collected by the county treasurer and turned over to the treasurer of the board of education. It is to be assumed that the balance of the appropriation had not been collected. All of the money received by the board of education had been expended in support of the separate schools at the time suit was instituted. The warrants were registered on the 10th day of May, 1925, and notation made that no funds were available to pay the same. Funds were appropriated and a tax was levied to pay the indebtedness for which the warrants sued upon were issued. Neither the county treasurer nor the treasurer of the board of education had funds with which to pay the same, because the taxes had not been collected. The question for our determination is whether or not the county is liable for this indebtedness, which is admittedly within the appropriation for the separate schools. This exact question has apparently never been before this court for consideration.

In the case of School District No. 76 v. Capitol National Bank, 7 Okla. 45, 54 Pac. 309, this court held that an indebtedness of this character was not a liability of a common school district.

In the case of Board of Education of Oklahoma City v. Thurmond, 121 Okla. 108, 247 Pac. 996, it was said:

"It is the law that in relation to the schools of this state, the funds raised for the support and maintenance of the separate schools shall not be intermingled. The separate school fund is a county tax fund, levied upon all the taxable property in the county, and the same is not a liability upon a city of the first class. * * *"

In both of these cases the court proceeded

on the theory that the separate schools of the state, whether located in a common or an independent school district, are supported by a county-wide tax, and that the burden of supporting such schools is upon the county at large.

Since it has been held that neither an independent school district nor a common school district is liable for an indebtedness of this character, where, then, is the liability? According to the allegations of the petition the warrants were issued in payment of expenses for which the school district was authorized to contract and were drawn against a valid and sufficient appropriation to pay the same. It follows that, if they are otherwise valid, they constitute an obligation of the county, or of some subdivision thereof.

The separate schools in any particular district are maintained, not by a tax on property within that district, but by an ad valorem tax on all taxable property in the county. Section 10574, C. O. S. 1921, in part is as follows:

"In all cases where county separate schools for white and colored children are maintained, the county excise board shall annually levy a tax roll on all taxable property in their respective counties, sufficient to maintain such separate schools as are hereinafter provided. Upon estimate made by the county commissioners, said taxes shall be estimated, published, levied and collected, in the same manner as other taxes for county purposes; provided, however, that in all independent districts where separate schools for white and colored children are maintained, it shall be the duty of the board of education therein, at the time of the preparing of their annual budget, to prepare a separate budget of the amount of money that will be required to be raised by taxation for the support and maintenance of such separate schools, including the amount necessary to purchase sites and to erect school buildings for such separate schools for the coming fiscal year, and it shall thereupon be the duty of the county excise boards in such counties to levy a tax on all taxable property in their respective counties sufficient to pay the cost of supporting and maintaining such separate schools and purchasing sites and erecting school buildings for such separate schools as shown by such budget, and which said tax shall be published, levied, and collected in the same manner as other taxes for county purposes, and when collected shall be paid over to the respective treasurers of the board of education in such districts, to be expended upon the order of such board of education for the purpose for which same was levied and collected."

Under this statute, in an independent district the budget is prepared by the board of education, and the taxes, when collected, are paid to the treasurer of the school district, but it is nevertheless true that the separate schools in an independent district are supported by a county-wide tax. The burden of supporting the separate schools, whether they are in a common or an independent school district, is upon the county, and it was for this reason that the court held that neither indebtedness created in the maintenance and support of the separate schools in a common school district nor that created for the support of separate schools in an independent district was a liability of the school district.

When the board of education of an independent school district acts for and on behalf of the separate school within the district, it acts in the capacity of an agent of the county, and is subject to all the limitations in contracting indebtedness to which the county itself is subject. It necessarily follows that the indebtedness sued on herein, if the same is otherwise a valid obligation, is a liability of the county.

The judgment of the trial court is reversed, with directions to overrule the demurrer.

HUNT, CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. RILEY, J., dissents. LESTER, V. C. J., not participating. MASON, C. J., absent.

---

RILEY, J. (dissenting). This is an action based upon warrants issued by an independent school district, but maintained against Muskogee county alone.

The independent school district, contracting, issuing, registering, and delivering the warrants sued upon, is not a party to this action. I hold it a necessary party. Otherwise we open the door to fraud. We wreck public finance and accounting. The county never received the consideration, if any, for these warrants. How, then, can it defend on that score? The county had nothing to do with the contracts out of which the warrants grew. The county, through its officers, never registered these warrants. How, then, can it properly defend the action, or knowingly say the amounts were not within the estimate made and approved? These warrants are not county obligations. They could not be paid by the county treasurer. Sections 8627-8631, C. O. S. 1921; Crawford v. Noble County, 8 Okla. 456, 53 Pac. 616.

These warrants were not subject to registration as county warrants because they are school district warrants. Consequently they

are not subject to being honored by the county. Section 8634, C. O. S. 1921; Bank of Chelsea v. Sch. Dist. Rogers County, 62 Okla. 185, 162 Pac. 809. Therein it was the law that:

"A school district warrant is not a valid charge until registered by the treasurer of the school district issuing the same."

Interpolating: A warrant is not a valid charge until registered by the treasurer of the municipal subdivision (such as a county) sought to be charged.

I have said the holding of the majority opens the door for fraud. That statement is illustrated by the facts in the case.

This action does not present the warrants issued by the school district, in serial order, but prior enumerated warrants Nos. 140, 150, 151, 152, 153, 154, 155, 160, 164, 165, and 166 are missing. Should judgment be rendered upon the subsequent warrants herein sued upon, and the entire balance of the appropriation consumed, then we may expect the appearance of the omitted and missing prior warrants in an action for debt for a like balance of the estimate made and approved, or at least in the sum of face of the missing warrants, and **they,** being within the appropriation, under adjudicated cases and the majority opinion, will be adjudged valid against the county alone, and a sum far in excess of the appropriation will be taken from the county—a governmental unit helpless to defend itself. In such case, who will say the governmental agency issuing the warrants is not a necessary party? Even the school district officer in such case would be personally liable, and ought to be made a party defendant. Certainly, in all such cases, a county being a foreign municipal corporation, by public policy, ought not be permitted to defend alone, especially when such unit never authorized, issued, or registered the warrants upon which the action is based.

It is the view of the majority decision that the county is the principal and the independent school board the agent for the operation of the separate school. Not so. The state of Oklahoma is the principal. (Even considering that the law of agency is the basis of this action—which is not the case.) At statehood this state received, in trust, $5,000,000 and set aside sections 16 and 32 of Oklahoma Territory and pledged its faith and credit to maintain the fund unimpaired for the benefit of free and equal schools. Gross production tax and other funds augmented the sum. The state of Oklahoma shifted the obligation, and imposed the duty upon counties to levy an ad valorem tax

sufficient to maintain separate schools against the will, at least without the consent, of the counties and directed that county agencies collect the fund necessary, in addition to state aid, and pay the same over, in case of independent school districts, to the school district treasurer.

The independent school boards, as provided by state law, make estimates, contracts, receive consideration, issue warrants, register same, and pay money in the retirement of such warrants as sued upon herein. How can we in reason then say the county is the principal and the school district is the agent?

As recited in the majority opinion, in case of a separate school within a common school district, the county officers operate the independent school, but such is not the case at bar.

For these reasons I dissent and say that the judgment below was correct. The demurrer was properly sustained because, admitting the allegations of the petition, no cause of action was stated in that allegation of registration against the governmenttal unit (the county) sought to be charged (alone) is a condition precedent to maintenance of the action. The cause might be remanded as in Bank of Chelsea v. Sch. Dist. No. 1, Rogers County, supra, so as not to bar future proper action, "but simply as an adjudication of the cause of action upon the warrants as they existed without registration, at the time of the trial."

Note.—See under (1) 24 R. C. L. p. 657. See "Schools and School Dsitricts," 35 Cyc. p. 819, n. 74; p. 899, n. 11; p. 977, n. 41