## BOARD OF ED., CITY OF MUSKOGEE, v. BOARD OF COM'RS OF MUSKOGEE COUNTY.

No. 23624. Jan. 23, 1934.

Rehearing Denied May 29, 1934.

Application to File Second Petition for Rehearing Denied September 11, 1934.

W. Otis Ridings, Norman E. Reynolds, and Paul C. Williams, for plaintiff in error.

Phil K. Oldham, Co. Atty., Earle Boyd Pierce, Asst. Co. Atty., Eric Haase, T. L. Gibson, and M. K. Cruce, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Muskogee county, Okla., in favor of the defendant in that court.

The plaintiff in error commenced an action to recover from the defendant in error a money judgment upon certain separate school warrants, under the authority of the decision of this court in American State Bank of Boynton v. Board of Com'rs, 143 Okla. 1, 286 P. 902. A jury was waived and the cause was tried to the court. There was no request for finding of fact. The trial court rendered a judgment in favor of the defendant, denying the prayer of the plaintiff. The plaintiff appealed to this court.

Under the decision cited, there can be no question but that a county is liable for the amount of lawful indebtedness contracted by an independent school district within the county for separate school purposes. Under that rule, it is liable to the holder of a legal warrant issued by an independent school district against the separate school fund in payment of such a debt. That liability is to pay the warrant when it is presented for payment from the proceeds of the tax levied for the fiscal year in which the debt was contracted, and if a reasonable showing can be made that by reason of a failure to collect a sufficient amount of taxes levied for that fiscal year, or of the loss of funds collected for that fiscal year, or for some other cause for which the holder of the warrant is not responsible, sufficient funds are not available and will not be available for the payment of the warrant, a judgment may be rendered against the county for the amount of the debt. That rule is applicable though the holder of the warrant is the independent school district that issued it when that district acquired the title thereto in its own right and not as the agent of the county. It is not applicable where an independent school district acquired such a warrant with separate school funds.

One of the defenses presented to the claim of the plaintiff was that the warrants in question had been paid. If so, the judgment of the trial court is undoubtedly correct. We quote from the brief of the plaintiff in error, as follows:

"Witnesses Davis and Cave, the only witnesses testifying on either side to the facts of the acquisition by the school board of these warrants and the method by which they came to be marked paid, testified that these warrants were purchased with sinking fund moneys as an investment and later paid with separate school money of a year other than that in and for which the warrants were issued."

If, as stated therein, the warrants in question were purchased by the independent school district with funds belonging to its sinking fund, and if those warrants have not been paid by the county through its agent, the independent school district, from separate school funds of the county, the judgment of the trial court is erroneous. If, as stated by the witnesses quoted, these warrants were "later paid with separate school money of a year other than that in and for which the warrants were issued," the school district has no valid claim against the county, and the judgment of the trial court is correct. Certainly an independent school district is not entitled to a judgment against a county on separate school warrants purchased by the independent school district and paid for out of its sinking fund, when that sinking fund has been reimbursed by the placing therein of separate school money in the amount of the warrants. The fact that the separate school money used to reimburse the sinking fund was for years other than the years in which the warrants were issued does not create a liability in favor of the independent school district. If we held that the county was liable to the school district for the amount of such warrants, we would be required to hold that the independent school district was liable to the county for the amount of separate school money in the sinking fund of the independent school district. There is no authority of law for an independent school district to place separate school funds in the sinking fund of the independent school district.

The plaintiff in error cites the decision of this court in State ex rel. Hatfield v. Moreland, 152 Okla. 37, 3 P. (2d) 803, and other decisions of this court pertaining to sinking funds. Those decisions are in no wise applicable to separate school funds placed in the sinking fund of an independent school district by the officers of that school district.

We do not think it necessary to discuss the other contentions made. We deem it sufficient to say that when the independent school district used separate school money to reimburse its sinking fund for the amount expended therefrom in the purchase of the separate school warrants, it cannot recover from the county the amount of those warrants.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BUSBY, JJ., concur.